DEFENDANT 2:   JAMES TILLMON,
                a/k/a "Black,"
                a/k/a "Kevin Garner,"

YOB:           1983

ADDRESS:       Denver County, Colorado

COMPLAINT FILED?   _____ YES   ✓  NO

   IF YES, PROVIDE MAGISTRATE CASE NUMBER: _____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT?   _____ YES   ✓  NO

OFFENSE:   COUNT ONE – Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II), 841(b)(1)(B)(iii), 841(b)(1)(C), and 846:  On or about and between June 1, 2013, and June 4, 2014, both dates being approximate and inclusive, did knowingly and intentionally conspire to distribute and possess with the intent to distribute, one or more of the following controlled substances: (1) more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) more than 28 grams but less than 280 grams of a mixture or substance which contains cocaine base; (3) less than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance; (4) less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance.

COUNT SEVENTEEN:  Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860; and Title 18, United States Code, Section 2 – On or about November 29, 2013, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code section 841(a) within 1000 feet of the real property comprising Wyatt-Edison Charter Academy, a public elementary school; and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

COUNTS EIGHTEEN, TWENTY-FIVE, FORTY, FORTY-TWO and FORTY-THREE:  Title 21, United States Code, Sections 843(b) and 843(d) – did knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code.

COUNT TWENTY-FOUR:  Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2 – On or about December 31, 2013, did knowingly and intentionally distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

COUNT THIRTY-NINE:  Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2 – On or about January 9, 2014, did knowingly and intentionally distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

COUNT FORTY-ONE: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2 – On or about January 28, 2014, did knowingly and intentionally distribute and possess with the intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

COUNT FORTY-FOUR:  Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2 – On or About January 28, 2014, did knowingly and intentionally distribute and possess with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

Notice of Forfeiture

LOCATION OF OFFENSE:    Arapahoe County, Colorado
(COUNTY/CITY/STATE)

PENALTY:   COUNT ONE:  NLT 5 years and NMT 20 years imprisonment, $5 million fine, or both; NLT 4 years supervised release, $100 Special Assessment Fee.

COUNT SEVENTEEN:  NMT 20 years imprisonment, $1 million fine, or both; NLT 3 years supervised release, $100 Special Assessment Fee.

COUNTS EIGHTEEN, TWENTY-FIVE, FORTY, FORTY-TWO and FORTY-THREE:  NMT 4 years imprisonment, $250,000.00 fine, or both; NMT 1 year supervised release; and a $100 Special Assessment Fee (per count).

>> COUNT TWENTY-FOUR:  NMT 20 years imprisonment, $1 million fine, or both; NLT 3 years supervised release, $100 Special Assessment Fee.
>
> COUNT THIRTY-NINE:  NMT 20 years imprisonment, $1 million fine, or both; NLT 3 years supervised release, $100 Special Assessment Fee.
>
> COUNT FORTY-ONE:  NMT 20 years imprisonment, $1 million fine, or both; NLT 3 years supervised release, $100 Special Assessment Fee.
>
> COUNT FORTY-FOUR:  NMT 20 years imprisonment, $1 million fine, or both; NLT 3 years supervised release, $100 Special Assessment Fee.
>
> Forfeiture

AGENT:   Special Agent Sara Aerts
         Federal Bureau of Investigation

AUTHORIZED BY:   ZACHARY PHILLIPS
                 Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:

____ five days or less      ✓ over five days      ____ other

THE GOVERNMENT

  ✓  **will** seek detention in this case      ____ will not seek detention in this case

The statutory presumption of detention **is** applicable to this defendant.

OCDETF CASE:      ✓ Yes  WC CO 636      ____ No