## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     **RICKY GARRISON,**
2.     **JAMES TILLMON,**
3.     **CHRISTOPHER MARTÍNEZ,**
4.     **FRANCISCO AGUILAR,**
5.     **SIMEON RAMIREZ,**
6.     **CHRISTOPHER VIGIL,**
9.     **ARCHIE POOLE,**
11.   **MELVIN TURNER,**
14.   **GREGORY WILLIAMS,**
15.   **ROBERT PAINTER, and**
16.   **LATOYA WIMBUSH**

      Defendants.

---

## AMENDED ORDER RESETTING TRIAL DATE AND RELATED DEADLINES[1]

---

This matter comes before the Court for the re-setting of a trial date and related deadlines upon the granting in part of Defendant Christopher Martinez' Motion for Reconsideration of Order Resetting Trial Date and Related Deadlines (ECF 490) and the Government's Response to the Defense Motion for Reconsideration of Order (ECF 499). Also before the Court is Defendant Simeon Ramirez' Unopposed Motion to Continue Motions Deadlines and Trial Date (ECF No. 507). This Court incorporates by

---

[1] This Order is Amended to reflect the correct title of the Order dated July 10, 2015 (ECF No. 509) which was incorrectly titled Order to Disclose Grand Jury Material to Defendant. This Order also corrects and amends the dates which are to be excluded from Speedy Trial.

reference, the language and reasoning by the parties and the previous Order Granting Defendant  Martinez' Unopposed Motion to Exclude 150 days from the Speedy Trial Act (ECF 451) in granting **an additional 90 days** for the filing of motions.

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); or

(2)     Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3)     An additional 90 days should be excluded from the computation of the speedy trial time; and

(4)     Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

It is hereby ORDERED as follows:

1.     Defendant Martinez' Unopposed Motion for Reconsideration is GRANTED. (ECF No. 490)

2.     **All days from November 12, 2015, to and including February 10, 2016 shall be excluded from the Speedy Trial Clock**;

3.     All discovery motions and motions regarding the Indictment shall be filed by October 9, 2015.  The Government shall respond on or before

November 9, 2015;

4.     A hearing will be promptly set on any disputed discovery issues. If there are no disputed discovery issues, the parties are DIRECTED to file a joint written statement;

5.     All suppression motions, including wiretap suppression motions (four corners and non-four corners), shall be filed 60 days after the hearing on discovery issues.[2] The Government shall file its Response 30 days thereafter;

6.     If the Court determines that a hearing on the suppression motion(s) is necessary, it will be promptly set;

7.     All motions to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(e) shall be filed 60 days after the hearing on the suppression motion(s), if there is one, or 60 days after the Court's ruling on any such motion in the event no hearing is held.[3] Any responses shall be due 30 days thereafter;

8.     Local Rule D.C.COLO.LCrR 11.1 applies fully to this case. Absent an Order permitting or directing otherwise, a Notice of Disposition shall be filed no later than 14 days before the trial date. Upon the filing of a Notice of Disposition the Court will generally convert the Final Trial Preparation

---

[2] This date is set with the understanding the Government will require time to assemble and provide any additional discovery ordered by the Court and the defense will need sufficient time to review the additional discovery prior to the filing of any wiretap motions.

[3] This dates is set with the understanding that the Government's 801(d)(2)(e) disclosure will be impacted by any ruling on wiretap and other suppression motions. Further, given the thousands of potential co-defendant statements, the preparation of such pleading is a considerable undertaking.

Conference to a Change of Plea hearing, unless for good cause shown, a party demonstrates the interests of justice are better served by scheduling the Change of Plea hearing at a later date;

9.  The Final Trial Preparation Conference set for January 4, 2016 at 10:00 a.m. is **VACATED;**

10. The Final Trial Preparation Conference is hereby **RESET for April 1, 2016 at 2:00 p.m.** in Courtroom A801.  Lead counsel who will try the case must attend in person.  Any outstanding motions may be addressed at the time of the Final Trial Preparation Conference;

11. The parties must be prepared to address at the Final Trial Preparation Conference some or all of the issues which may affect the duration or course of the trial referenced in the Court's Revised Practice Standards applicable to such Conferences;

12. The 14 day jury trial set to commence on January 11, 2016 at 8:30 a.m is **VACATED**;

13. The **15-day** jury trial is hereby **RESET** to commence in the U.S. District Courthouse, Courtroom A801, 901 19th Street, Denver, Colorado, on **April 11, 2016 at 8:30 a.m.**; and

14. Counsel are directed to this Court's Revised Practice Standards to ensure compliance with all deadlines triggered by the setting of the Final Trial Preparation Conference and Trial.

IT IS FURTHER ORDERED that Defendant Simeon Ramirez' Unopposed Motion to Continue Motions Deadlines and Trial Date (ECF No. 507) is DENIED as MOOT.

Dated this 17th day of July, 2015.

BY THE COURT:

William J. Martinez
United States District Judge