IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      RICKY GARRISON,
        a/k/a "G,"

      Defendant.

---

**PROFFER UNDER FED. R. EVID. 801(d)(2) AND OBJECTIONS**

---

**SECTION 1: Government's Initial Proffer as to Conspiracy**

Agents and officers assigned to the Metro Gang Task Force (MGTF) initiated an investigation into this organization in March of

2012.   During the course of this investigation more than one Confidential Source (CS) was utilized and supplied information to law

enforcement.   During the course of this investigation the following people and their respective roles in the organization were identified

as follows:

RICKY GARRISON was a very active drug distributor in the Denver metro area as well as having drug connections to other states.   Ricky Garrison would receive his illegal narcotics from various suppliers to include Christopher Martinez, Travis Edwards, Simeon Ramirez, Francisco Aguilar, Christopher Vigil, James Tillmon and others.   Ricky Garrison would often receive cocaine and redistribute the cocaine to numerous customers.   Additionally, Ricky Garrison would often convert the cocaine into cocaine base which he would also redistribute.   Further, Ricky Garrison would receive methamphetamine from various sources of supply which Garrison would redistribute.   During the course of the conspiracy, Garrison also received methamphetamine which he would convert to ecstasy or "Molly" which he would redistribute.   Further, during the course of the conspiracy Ricky Garrison was found to be active in the distribution of heroin.   Some of Ricky Garrison's sources of supply were also, at times, sourced by Ricky Garrison. Christopher Martinez and James Tillmon are both examples of such a relationship.   The conspiracy investigation showed that when Garrison supplied Martinez, Tillmon or others, the customers of Garrison redistributed a large part of the supplied narcotics if not all of the narcotics.   Garrison had numerous drug customers.   Some of Ricky Garrison's customers included charged co-conspirators Gregory Williams, Sydney Taylor, Latoya Wimbush and Robert Painter.   Garrison had numerous other customers who were not charged as part of the conspiracy.   Throughout the conspiracy, all of the co-conspirators would exchange illegal narcotics for cash in order to gain a financial benefit.

2

JAMES TILLMON was both a supplier as well as customer of Ricky Garrison during the course of the conspiracy.   Ricky Garrison and James Tillmon were actively involved in the distribution of cocaine, base cocaine, and methamphetamine during the course of the conspiracy.   Customers of James Tillmon included but were not limited to Ricky Garrison, Archie Poole and Dondrai Fisher.

CHRISTOPHER MARTINEZ was actively involved in supplying and receiving numerous narcotics with Ricky Garrison. Martinez was known to distribute cocaine, methamphetamine, and heroin during the course of the conspiracy.   Martinez distributed to Ricky Garrison as well as Melvin Turner and Luis Ramirez who all re-distributed the drug they received from Christopher Martinez.

FRANCISCO AGUILAR supplied Ricky Garrison with cocaine during the course of the conspiracy.   The cocaine was usually powder cocaine, but it was also cooked into base cocaine and distributed to others by Ricky Garrison.

SIMEON RAMIREZ supplied Ricky Garrison with cocaine during the course of the conspiracy.   The cocaine was usually powder cocaine, but it was also cooked into base cocaine and distributed to others by Ricky Garrison.

CHRISTOPHER VIGIL supplied Ricky Garrison with cocaine as well as methamphetamine during the course of the conspiracy. The methamphetamine was sometimes converted to ecstasy or "Molly," and the cocaine was at times cooked into cocaine base for redistribution by Ricky Garrison.

TRAVIS EDWARDS supplied Ricky Garrison with cocaine during the course of the conspiracy.   Garrison would then redistribute the cocaine as cocaine powder or cocaine base.   Additionally, Ricky Garrison would also supply Travis Edwards with cocaine when Edwards was short on supply.

3

DONDRAI FISHER was a customer of James Tillmon during the course of the conspiracy.   Ricky Garrison and James Tillmon conspired together to supply Dondrai Fisher with both cocaine and methamphetamine during the course of the conspiracy. Dondrai Fisher then redistributed the illegal narcotics to his own customers.

ARCHIE POOLE was a customer of James Tillmon during the course of the conspiracy.   Ricky Garrison and James Tillmon conspired together to supply Archie Poole with both cocaine and methamphetamine during the course of the conspiracy.   Archie Poole then redistributed the illegal narcotics to his own customers.

LUIS RAMIREZ was a customer of Christopher Martinez during the course of the conspiracy.   As part of the conspiracy, Christopher Martinez supplied Luis Ramirez with cocaine during the course of the conspiracy.   Luis Ramirez then redistributed the illegal narcotics to his own customers.

MELVIN TURNER was a customer of Christopher Martinez during the course of the conspiracy.   Christopher Martinez supplied Melvin Turner with heroin during the course of the conspiracy.   Melvin Turner then supplied the heroin to Shawn Beardsley. In addition, Melvin Turner assisted Christopher Martinez in the distribution of methamphetamine and cocaine to various customers during the course of the conspiracy.

SHAWN BEARDSLEY received methamphetamine and heroin from both Melvin Turner and Christopher Martinez during the course of the conspiracy.   Shawn Beardsley then redistributed the drugs to his own customers.

4

SIDNEY TAYLOR received both cocaine and cocaine base from Ricky Garrison during the course of the conspiracy. Sidney Taylor then redistributed the cocaine and cocaine base to his own customers.

GREGORY WILLIAMS received both cocaine and cocaine base from Ricky Garrison during the course of the conspiracy. Gregory Williams then redistributed the cocaine and cocaine base to his own customers.

ROBERT PAINTER received both cocaine and methamphetamine from Ricky Garrison during the course of the conspiracy. Robert Painter then redistributed the majority of the cocaine and methamphetamine to his own customers.

LATOYA WIMBUSH received both cocaine and cocaine base from Ricky Garrison during the course of the conspiracy. Latoya Wimbush then redistributed the cocaine and cocaine base to her own customers.

The Government will show that throughout the course of the conspiracy, the Defendants acted together in order to distribute illegal narcotics in the Denver metro area in order to gain financial benefit.

**SECTION 2:   Government's Proffer as to Specific Statements**

| Statement #1 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| ROBERT PAINTER called RICKY GARRISON and asked if he could stop by.   GARRISON said that he was "no good" and was waiting on his "Mexican partner." GARRISON said if he didn't hear from his "Mexican partner" by three | Ricky Garrison and Robert Painter | 11/29/2013, 1:19 p.m. | Wire intercept TT#2 Call #1457 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment. |

| | | | | |
|---|---|---|---|---|
| he would go through someone else. Painter said he would call back. | | | | The statement(s) involves Robert Painter inquiring whether Ricky Garrison had or could get illegal narcotics to supply Robert Painter. |

| Defendant | Objections to Statement #1 |
|---|---|
| [name] | |
| [name] | |

| Statement #2 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called SIMEON RAMIREZ and asked what "he" said.   RAMIREZ said he was working on it and asked what GARRISON was going to need. GARRISON said he would do four. GARRISON said he needed to know something by three because if there was nothing he would need to "go do something." | Ricky Garrison and Simeon Ramirez | 11/29/2013, 1:21 p.m. | Wire intercept TT#2, Call #1458 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine as alleged in Count One of the indictment.<br><br>The statement(s) involves Ricky Garrison inquiring whether Simeon Ramirez had or could get cocaine to supply Ricky Garrison. |

| Defendant | Objections to Statement #2 |
|---|---|
|  |  |
|  |  |

| Statement #3 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called an UNKNOWN FEMALE and asked if "V.C." was there.  The UNKNOWN FEMALE said V.C. was ready and invited GARRISON to come by if he wanted. | Ricky Garrison and an Unknown Female | 11/29/2013, 2:22 p.m. | Wire intercept TT#2 Call #1461 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment.<br><br>The statement(s) involves Ricky Garrison inquiring of an unknown female (unindicted co-conspirator) whether a source of supply was present with the unknown female.   The unknown female advised he was ready to supply Garrison and that Garrison should come by to receive the drugs. |

| Defendant | Objections to Statement #3 |
|---|---|
| [name] |  |
| [name] |  |

| Statement #4 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| ROBERT PAINTER called RICKY GARRISON. GARRISON asked PAINTER if he was still going to want "that" because GARRISON was going to go get it.   PAINTER commented that it was "Friday" and GARRISON replied that he would be ready in a minute. | Ricky Garrison and Robert Painter | 11/29/2013, 4:56 p.m. | Wire intercept TT#2 Call #1486 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>In this statement(s), Ricky Garrison inquires of Robert Painter as to whether Painter was still in need of illegal drugs.   Garrison advises he is going to retrieve the drugs for Painter. |

| Defendant | Objections to Statement #4 |
|---|---|
| [name] | |
| [name] | |

| Statement #5 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called CHRISTOPHER VIGIL and said that he needed two.   GARRISON said that he would be leaving from Quebec and Iliff and would be down to VIGIL.   VIGIL said that was cool but he had to run down the street to | Ricky Garrison and Christopher Vigil | 11/29/2013, 4:57 p.m. | Wire intercept TT#2 Call #1487 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment. |

| drop off some money at the bank. GARRISON said that VIGIL had enough time and GARRISON would be there. | | | | The statement(s) involves Ricky Garrison inquiring ordering illegal narcotics from Christopher Vigil and Garrison's plan to meet Vigil to retrieve the drugs. |

| **Defendant** | **Objections to Statement #5** |
|---|---|
| [name] | |
| [name] | |

| **Statement #6** | **Declarant** | **Date** | **Source** | **Basis for Admission** |
|---|---|---|---|---|
| GREGORY WILLIAMS called RICKY GARRISON and asked if he (GARRISON) was "back on." GARRISON asked if WILLIAMS wanted soft or hard.   WILLIAMS said he wanted his normal. GARRISON asked how much soft and WILLIAMS said a "quay." GARRISON said he was going to meet "him" right now and would have it ready for WILLIAMS in a second.   GARRISON told WILLIAMS to be ready because he was going to cook the "shit" up. | Ricky Garrison and Gregory Williams | 11/29/2013, 5:10 p.m. | Wire intercept TT#2 Call #1488 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.  The statement(s) involves Ricky Garrison and Greg Williams discussing the availability of cocaine and whether Gregory Williams wanted powder or crack cocaine.   Further, Garrison tells Williams to be ready because he is going to cook up the cocaine into base. |

| Defendant | Objections to Statement #6 |
|---|---|
| [name] | |
| [name] | |

| Statement #7 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| CHRISTOPHER VIGIL texted RICKY GARRISON and told GARRISON to park in the back because he was in the garage. | Ricky Garrison and Christopher Vigil | 11/29/2013, 5:14 p.m. | Wire intercept TT#2 Call #1489 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment.<br><br>This statement is a written statement by Christopher Vigil telling Ricky Garrison where to find Vigil for a drug transaction. |

| Defendant | Objections to Statement #7 |
|---|---|
| [name] | |
| [name] | |

| Statement #8 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called CHRISTOPHER VIGIL and said that he didn't see VIGIL in the back. VIGIL said that he was sitting in the garage and he would open the door for GARRISON.   GARRISON

confirmed that VIGIL was in the back garage by the alley. | Ricky Garrison and Christopher Vigil | 11/29/2013, 5:36 p.m. | Wire intercept TT#2 Call #1493 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment.

The statement(s) involves Ricky Garrison trying to locate Vigil for a drug transaction. |

| Defendant | Objections to Statement #8 |
|---|---|
| [name] | |
| [name] | |

| Statement #9 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called GREGORY WILLIAMS and asked if WILLIAMS wanted a "seven." WILLIAMS said he probably wanted a "shirt" of the other one since GARRISON was "doing it." GARRISON told WILLIAMS that he could start heading that way. | Ricky Garrison and Gregory Williams | 11/29/2013, 5:52 p.m. | Wire intercept TT#2 Call #1494 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

|  |  |  |  | The statement(s) involves Ricky Garrison inquiring of Gregory Williams as to how much cocaine and base cocaine Williams wanted from Garrison. |
|---|---|---|---|---|

| Defendant | Objections to Statement #9 |
|---|---|
| [name] |  |
| [name] |  |

| Statement #10 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called JAMES TILLMON.   TILLMON asked if GARRISON had some of that other shit.   GARRISON asked if he was talking about the stuff that he (GARRISON) normally fucked with and TILLMON affirmed. GARRISON said he just did it and TILLMON said he didn't need it ready.   GARRISON said he could take TILLMON down there. TILLMON said he just needed one and directed GARRISON to call them. | Ricky Garrison and James Tillmon | 11/29/2013, 6:45 p.m. | Wire intercept TT#2 Call #1516 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine, base cocaine and methamphetamine as alleged in Count One of the indictment. The statement(s) involves Ricky Garrison speaking with James Tillmon about the availability of cocaine and base cocaine and arranging for Garrison to supply Tillmon with cocaine and base cocaine. |

| Defendant | Objections to Statement #10 |
|---|---|
| [name] | |
| [name] | |

| Statement #11 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called CHRISTOPHER VIGIL and asked if he had one more down there. VIGIL said that he did and GARRISON said he was waiting for someone and then would probably be on his way.   GARRISON asked if VIGIL had that stuff for him and asked for the weight.   VIGIL said that it was a good little amount. GARRISON asked if it was about seven and VIGIL said it was about there. | Ricky Garrison and Christopher Vigil | 11/29/2013, 6:48 p.m. | Wire intercept TT#2 Call #1517 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment.<br><br>The statement(s) involves Ricky Garrison speaking with Christopher Vigil about the availability of cocaine so that Garrison could get the cocaine from Vigil and ultimately redistribute it to James Tillmon. |

| Defendant | Objections to Statement #11 |
|---|---|
| [name] | |
| [name] | |

| Statement #12 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called JAMES TILLMON.   TILLMON asked what he said and GARRISON replied "yeah."   TILLMON said he had to get this money real quick and then he would be over.   GARRISON said to call before he arrived because GARRISON had to make two runs himself. | Ricky Garrison and James Tillmon | 11/29/2013, 6:49 p.m. | Wire intercept TT#2 Call #1518 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine, base cocaine and methamphetamine as alleged in Count One of the indictment.<br><br>The statement(s) involves Garrison confirming with Tillmon that Garrison is going to be able to supply Tillmon with cocaine. |

| Defendant | Objections to Statement #12 |
|---|---|
| [name] | |
| [name] | |

| Statement #13 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON texted JAMES TILLMON and asked how long. | Ricky Garrison and James Tillmon | 11/29/2013, 7:28 p.m. | Wire intercept TT#2 Call #1537 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine, base cocaine and methamphetamine as alleged in Count One of the indictment. |

| | | | | This written statement is a text where Garrison asks Tillmon how long before he is able to purchase the cocaine as planned. |
|---|---|---|---|---|

| Defendant | Objections to Statement #13 |
|---|---|
| [name] | |
| [name] | |

| Statement #14 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called RICKY GARRISON and said that he was pulling up right now. | Ricky Garrison and James Tillmon | 11/29/2013, 8:00 p.m. | Wire intercept TT#2 Call #1541 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine, base cocaine and methamphetamine as alleged in Count One of the indictment.<br><br>The statement(s) involves Tillmon informing that Garrison that he is arriving to conduct the drug transaction. |

| Defendant | Objections to Statement #14 |
|---|---|
| [name] | |
| [name] | |

| Statement #15 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called an UNKNOWN FEMALE and said that he was at the front. | Ricky Garrison and an Unknown Female | 11/29/2013, 8:29 p.m. | Wire intercept TT#2 Call #1542 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine, base cocaine and methamphetamine as alleged in Count One of the indictment.<br><br>The statement(s) involves Garrison informing and un-indicted co-conspirator that Garrison is at the front in order to be let in for a drug transaction. |

| Defendant | Objections to Statement #15 |
|---|---|
| [name] | |
| [name] | |

| Statement #16 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR called RICKY GARRISON.   AGUILAR said homeboy called and he (AGUILAR) was going to take an order.   AGUILAR asked GARRISON what he was thinking. | Ricky Garrison and Francisco Aguilar | 12/6/2013, 9:38 a.m. | Wire intercept TT#2 Call #1807 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

| | | | | |
|---|---|---|---|---|
| GARRISON said he had to go another route but could still use two. GARRISON said he had another phone number that he wanted AGUILAR to have.   GARRISON said whenever AGUILAR was ready and AGUILAR replied that he would call when got out. | | | | The statement(s) involves Garrison and Aguilar discussing the fact that Aguilar was going to order some cocaine and Garrison ordering a certain quantity of the cocaine from Aguilar's order. |

| Defendant | Objections to Statement #16 |
|---|---|
| [name] | |
| [name] | |

| Statement #17 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR texted RICKY GARRISON and said they were all good.   AGUILAR said the fool got a bit busy but in the morning. | Ricky Garrison and Francisco Aguilar | 12/6/2013, 5:23 p.m. | Wire intercept TT#2 Call #1824 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. The statement(s) involves Garrison and Aguilar discussing the fact that Aguilar would be getting the cocaine in the morning. |

| Defendant | Objections to Statement #17 |
|---|---|
| [name] | |
| [name] | |

| Statement #18 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR texted RICKY GARRISON and said "all gravy." | Ricky Garrison and Francisco Aguilar | 12/7/2013, 11:33 a.m. | Wire intercept TT#2 Call #1850 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The texted statement is a communication where Aguilar is informing Garrison that Aguilar has cocaine available. |

| Defendant | Objections to Statement #18 |
|---|---|
| [name] | |
| [name] | |

| Statement #19 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR texted RICKY GARRISON and said he was on his way. | Ricky Garrison and Francisco Aguilar | 12/7/2013, 2:57 p.m. | Wire intercept TT#2 Call #1873 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The texted statement is a communication where Aguilar is informing Garrison that Aguilar is on his way to supply Garrison with cocaine. |

| Defendant | Objections to Statement #19 |
|---|---|
| [name] | |
| [name] | |

| Statement #20 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON texted FRANCISCO AGUILAR and said "yup." | Ricky Garrison and Francisco Aguilar | 12/7/2013, 2:59 p.m. | Wire intercept TT#2 Call #1874 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

| | | | | The texted statement is a communication where Garrison is informing Aguilar that he is ready for the drug transaction. |
|---|---|---|---|---|

| Defendant | Objections to Statement #20 |
|---|---|
| [name] | |
| [name] | |

| Statement #21 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called ROBERT PAINTER and said that he needed to talk to PAINTER about that M game.  GARRISON said that his people started to get a lot more of the shit in and he recalled that PAINTER needed it.   GARRISON said he had told PAINTER but PAINTER didn't say anything else about it.   PAINTER questioned what GARRISON meant by the M game.   GARRISON said on the meth, that his people just started getting pounds.   PAINTER asked if GARRISON had any of that because he (PAINTER) needed to come and get some of that right now. GARRISON said he didn't have any | Ricky Garrison and Robert Painter | 1/5/2014, 11:38 a.m. | Wire intercept TT#2 Call #2853 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.  The statement(s) involves Garrison and Painter discussing the availability of methamphetamine.   They then discuss further the availability of other drugs and possible quantities to be purchased. |

| | | | | |
|---|---|---|---|---|
| right now but he could get it and that was why he was calling.  PAINTER said that he needed at least a "bizall" or "quad."  PAINTER said the shit he had been getting was blue and it was fire.  PAINTER asked about the ticket on it.  GARRISON said "he" was doing a thousand, eleven hundred.  PAINTER asked if that would be one fifty for a bizall and GARRISON said that it would be approximately one fifty or one twenty five.  PAINTER said that he would buy a quad right now if "he" would do one twenty five.  GARRISON asked if PAINTER knew of anyone who was buy zips for the shit and PAINTER said not right this second.  GARRISON said he would call "him" and then call PAINTER right back. | | | | |

| Defendant | Objections to Statement #21 |
|---|---|
| [name] | |
| [name] | |

| Statement #22 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called CHRISTOPHER MARTINEZ and asked what time MARTINEZ was going to come by and holler at him. MARTINEZ said that he would be there in twenty or fifteen minutes. | Ricky Garrison and Christopher Martinez | 1/5/2014, 11:42 p.m. | Wire intercept TT#2 Call #2856 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>The statement(s) involves Garrison inquiring when Martinez would be arriving to supply Garrison with illegal narcotics and Martinez informing Garrison he would be there is twenty or fifteen minutes. |

| Defendant | Objections to Statement #22 |
|---|---|
| [name] | |
| [name] | |

| Statement #23 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called ROBERT PAINTER and said that "he" would be over there in approximately thirty minutes. | Ricky Garrison and Robert Painter | 1/5/2014, 11:43 a.m. | Wire intercept TT#2 Call #2857 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and |

| | | | | |
|---|---|---|---|---|
| PAINTER said to give him a few minutes because he just got up. | | | | "Molly") and heroin as alleged in Count One of the indictment.<br><br>The statement(s) involves Garrison informing Painter that Garrison would be at Painters in about thirty minutes to supply Painter with illegal narcotics.   These would be the drugs Garrison received from Martinez and then re-distributed to Painter. |

| Defendant | Objections to Statement #23 |
|---|---|
| [name] | |
| [name] | |

| Statement #24 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON texted CHRISTOPHER MARTINEZ and said that he would get with MARTINEZ tomorrow when he had the bread.   GARRISON said it seemed like MARTINEZ didn't want to do it. | Ricky Garrison and Christopher Martinez | 1/5/2014, 6:07 p.m. | Wire intercept TT#2 Call #2868 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>The texted statement is Garrison informing Martinez that Garrison would pay Martinez tomorrow for drugs previously supplied to Garrison by Martinez. |

| Defendant | Objections to Statement #24 |
|---|---|
| [name] | |
| [name] | |

| Statement #25 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called CHRISTOPHER MARTINEZ. MARTINEZ said he was knocked out earlier and GARRISON could come on by if he needed that.   MARTINEZ said he could also swing that way.   GARRISON said if MARTINEZ didn't want to do that much then just do half of that.   MARTINEZ said he would do what he told GARRISON he was going to do. | Ricky Garrison and Christopher Martinez | 1/5/2014, 6:26 p.m. | Wire intercept TT#2 Call #2869 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>This statement(s) is Garrison and Martinez discussing and preparing to do a drug transaction and it also involves them discussing the amount desired by Garrison to receive from Martinez. |

| Defendant | Objections to Statement #25 |
|---|---|
| [name] | |
| [name] | |

| Statement #26 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| ROBERT PAINTER called RICKY GARRISON and asked if GARRISON got that.   GARRISON said that "he" didn't ever come and GARRISON told "him" to wait because it seemed like "he" was bullshitting.   GARRISON asked if PAINTER wanted GARRISON to call "him" and PAINTER said he would wait until tomorrow. | Ricky Garrison and Robert Painter | 1/5/2014, 7:59 p.m. | Wire intercept TT#2 Call #2892 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.

This statement(s) is Painter inquiring of Garrison on whether he was able to get the drugs requested so that he could have Garrison re-distribute them to Painter.   Garrison informs Painter that he doesn't have the drugs yet but that he would call him when he gets the drugs. |

| Defendant | Objections to Statement #26 |
|---|---|
| [name] | |
| [name] | |

| Statement #27 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called ROBERT PAINTER.   PAINTER asked if GARRISON could get that now and GARRISON said he could.   PAINTER said to grab it for him and that he would be coming to get it right now.   PAINTER said he would bring GARRISON some of the best bud in the universe too. GARRISON asked if PAINTER said a quarter and PAINTER affirmed. PAINTER asked if it was two fifty and GARRISON said it would be somewhere around that. GARRISON said it would be something like two hundred, three. | Ricky Garrison and Robert Painter | 1/5/2014, 8:46 p.m. | Wire intercept TT#2 Call #2900 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>This statement(s) is Painter asking Garrison if Garrison was now able to get the drugs for re-distribution.   Garrison informs Painter that he could get it and Painter says to get it so that he can come pick it up.   Painter also informs Garrison that Painter will being marijuana to Garrison.   They further discuss the costs of the drugs as well as amounts. |

| Defendant | Objections to Statement #27 |
|---|---|
| [name] | |
| [name] | |

| Statement #28 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called CHRISTOPHER MARTINEZ and asked if MARTINEZ had some of | Ricky Garrison and Christopher | 1/5/2014, 8:47 p.m. | Wire intercept TT#2 Call | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance |

| that shit on him right now. MARTINEZ said he did not have it with him, he was going to grab that up for GARRISON.   GARRISON asked if MARTINEZ could come straight to him right now and MARTINEZ affirmed. MARTINEZ said he would come to GARRISON and it was all good. MARTINEZ said he would be there in no more than thirty minutes. | Martinez | | #2901 | of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>This statement(s) is Painter asking Garrison if Garrison was now able to get the drugs for re-distribution.   Garrison informs Painter that he could get it and Painter says to get it so that he can come pick it up.   Painter also informs Garrison that Painter will being marijuana to Garrison.   They further discuss the costs of the drugs as well as amounts. |

| Defendant | Objections to Statement #28 |
|---|---|
| [name] | |
| [name] | |

| Statement #29 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called ROBERT PAINTER and said "he" would be to GARRISON in twenty to thirty.   GARRISON asked if about forty to forty-five and PAINTER affirmed. | Ricky Garrison and Robert Painter | 1/5/2014, 8:49 p.m. | Wire intercept TT#2 Call #2902 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment. |

| | | | | This statement(s) is Painter and Garrison planning to meet for a drug transaction. |
|---|---|---|---|---|

| Defendant | Objections to Statement #29 |
|---|---|
| [name] | |
| [name] | |

| Statement #30 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called ROBERT PAINTER and said "he" said ten minutes.   GARRISON asked if PAINTER was going to be there and PAINTER said he would be there in ten minutes.   GARRISON said to make it fifteen minutes.   PAINTER asked if GARRISON had the money and GARRISON said he had it, just like fifteen though.   PAINTER said for GARRISON to "cover it" and he would be there in fifteen. | Ricky Garrison and Robert Painter | 1/5/2014, 9:35 p.m. | Wire intercept TT#2 Call #2904 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>The statement(s) is Painter and Garrison planning to meet for a drug transaction.   They also discuss money for the drug transaction. |

| Defendant | Objections to Statement #30 |
|---|---|
| [name] | |
| [name] | |

| Statement #31 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called ROBERT PAINTER and said he was ready.   PAINTER acknowledged. | Ricky Garrison and Robert Painter | 1/5/2014, 9:51 p.m. | Wire intercept TT#2 Call #2906 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>This statement(s) is Garrison informing Painter he is ready to conduct the illegal drug transaction. |

| Defendant | Objections to Statement #31 |
|---|---|
| [name] | |
| [name] | |

| Statement #32 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| ROBERT PAINTER called RICKY GARRISON and advised that he was knocking on GARRISON's door. | Ricky Garrison and Robert Painter | 1/5/2014, 9:58 p.m. | Wire intercept TT#2 Call #2907 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment. |

| | | | | This statement(s) is Painter confirming that he is now at Garrison's door to conduct the drug transaction. |
|---|---|---|---|---|

| Defendant | Objections to Statement #32 |
|---|---|
| [name] | |
| [name] | |

| Statement #33 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR texted RICKY GARRISON and said they were all good when AGUILAR got off of work. | Ricky Garrison and Francisco Aguilar | 1/9/2014, 10:18 a.m. | Wire intercept TT#2 Call #3132 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The texted statement is Aguilar informing Garrison that they are set for a drug transaction when Aguilar got off work. |

| Defendant | Objections to Statement #33 |
|---|---|
| [name] | |
| [name] | |

| Statement #34 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called FRANCISCO AGUILAR and asked what time AGUILAR was talking. AGUILAR said it would be after he got off work so it should be around five or something.   GARRISON inquired about AGUILAR asking "him" if it was hundred. AGUILAR said he would have to see it for himself and see what happens. AGUILAR asked if GARRISON had a ride and GARRISON said he needed to make sure so he could come and see AGUILAR. AGUILAR said that way it will better so that he didn't have to go and come.   GARRISON said "I got you" and AGUILAR replied that he would hit GARRISON up. | Ricky Garrison and Francisco Aguilar | 1/9/2014, 1:08 p.m. | Wire intercept TT#2 Call #3150 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a discussion about the plans and prices for a drug transaction to take place between Garrison and Aguilar after Aguilar got off work. |

| Defendant | Objections to Statement #34 |
|---|---|
| [name] | |
| [name] | |

| Statement #35 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR called RICKY GARRISON and asked if GARRISON wanted to swing through.  GARRISON said he was waiting for a licensed driver and asked what if looked like.  AGUILAR said it was different than the other one and looked like first ones.  GARRISON asked if it was soft and AGUILAR replied that it was real soft.  GARRISON said he would count something up and call AGUILAR right back. | Ricky Garrison and Francisco Aguilar | 1/9/2014, 4:15 p.m. | Wire intercept TT#2 Call #3167 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.

The statement(s) is in preparation for a drug transaction where Aguilar is to supply Garrison with cocaine.   Further, Garrison informs Aguilar that Garrison will count up money and call Aguilar back. |

| Defendant | Objections to Statement #35 |
|---|---|
| [name] | |
| [name] | |

| Statement #36 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called FRANCISCO AGUILAR and directed AGUILAR to bring him a nine.   AGUILAR said alright.  GARRISON asked if it was kind of soft, not real hard.   GARRISON asked if he was coming right now | Ricky Garrison and Francisco Aguilar | 1/9/2014, 4:22 p.m. | Wire intercept TT#2 Call #3168 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

| and AGUILAR replied to give him a minute because he was waiting for one of his buddies to get there. | | | | The statement(s) is Garrison ordering a specific amount of cocaine from Aguilar and arranging for Aguilar to deliver it to Garrison. |

| Defendant | Objections to Statement #36 |
| --- | --- |
| [name] | |
| [name] | |

| Statement #37 | Declarant | Date | Source | Basis for Admission |
| --- | --- | --- | --- | --- |
| FRANCISCO AGUILAR texted RICKY GARRISON and said that he was on his way. | Ricky Garrison and Francisco Aguilar | 1/9/2014, 4:53 p.m. | Wire intercept TT#2 Call #3176 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a text from Aguilar to garrison informing Garrison that Aguilar is on his way to deliver the drugs to Garrison. |

| Defendant | Objections to Statement #37 |
| --- | --- |
| [name] | |
| [name] | |

| Statement #38 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR called RICKY GARRISON and said that he was driving and would be there in fifteen.   AGUILAR told GARRISON to be ready and to hurry up.   GARRISON replied that he was ready. | Ricky Garrison and Francisco Aguilar | 1/9/2014, 5:02 p.m. | Wire intercept TT#2 Call #3187 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Aguilar informing Garrison that Aguilar is on his way to deliver the drugs and Garrison confirming that he is ready for the drug delivery. |

| Defendant | Objections to Statement #38 |
|---|---|
| [name] | |
| [name] | |

| Statement #39 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called FRANCISCO AGUILAR and asked where he was at.   AGUILAR said he was right there down the street. | Ricky Garrison and Francisco Aguilar | 1/9/2014, 5:45 p.m. | Wire intercept TT#2 Call #3196 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

| | | | | The statement(s) is Garrison asking Aguilar where he is in order to conduct the drug transaction. |
|---|---|---|---|---|

| Defendant | Objections to Statement #39 |
|---|---|
| [name] | |
| [name] | |

| Statement #40 | | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|---|
| DONDRAI FISHER called JAMES TILLMON and asked how TILLMON was looking and if he was on deck with the pink. TILLMON said he wouldn't have any until tomorrow or Thursday. FISHER told TILLMON to hit him when he (TILLMON) got right. | | James Tillmon and Dondrai Fisher | 1/14/2014, 5:24 p.m. | Wire intercept TT#4 Call #2793 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment.<br><br>The statement(s) is Dondrai Fisher ordering Molly (methamphetamine) from James Tillmon.   Tillmon advised he couldn't get the drugs until tomorrow or Thursday. |

| Defendant | Objections to Statement #40 |
|---|---|
| [name] | |
| [name] | |

| Statement #41 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called RICKY GARRISON and said that Blah(PH) was going to grab all that shit today. GARRISON asked what and TILLMON said that shit I got from you (GARRISON).  GARRISON said he told C that he could come and pick that shit up.  TILLMON said the shit doesn't really boom until the weekend.  GARRISON said his dude that was doing that had slowed down.  The dude said his people didn't want that shit any more, they wanted the pills.  GARRISON said if he could get pills from "him" for the right number GARRISON could run through thousands of the bitches. TILLMON said his nigga was getting them bitches and also mentioned the amounts of two dollars and two fifty.  GARRISON said it was okay to pay two or three dollars as long as the bitches were fire.  TILLMON talked about the molly's he had when he had some extra shit in there.  TILLMON said he was busting them niggas down to pills.  GARRISON said his people didn't like it.  GARRISON said | Ricky Garrison and James Tillmon | 1/17/2014, 11:13 a.m. | Wire intercept TT#4 Call #3277 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment.<br><br>The statement(s) is James Tillmon and Ricky Garrison having a lengthy discussion regarding their distribution of Molly and ecstasy and what customers liked as well as when business was best for selling Molly and ecstasy.  They further discuss the pricing of their illegal drugs for distribution. |

| | | | | |
|---|---|---|---|---|
| "he" called for the mix every day but with that "he" didn't say anything. GARRISON said "he" was a junkie that would tell you to make it stronger.   TILLMON said that was how he pulled the nigga in. GARRISON asked who and TILLMON said that nigga Blas and them.   TILLMON said he was putting four grams of powder in each zip of the real molly shit. TILLMON said the end of the bag was getting shaky so he was putting that shit with that.   TILLMON said he got a little of that dog from C and put in that other pack. | | | | |

| Defendant | Objections to Statement #41 |
|---|---|
| [name] | |
| [name] | |

| Statement #42 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| DONDRAI FISHER called JAMES TILLMON and said he was on deck for one of them things right now. TILLMON asked "for one" and said that whenever FISHER was ready he was ready.   FISHER asked if | James Tillmon and Dondrai Fisher | 1/18/2014, 11:53 a.m. | Wire intercept TT#4 Call #3539 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and |

| | | | | |
|---|---|---|---|---|
| TILLMON was in Aurora and TILLMON said yup.  FISHER asked if TILLMON was mobile and said he would need thirty, forty five minutes before he was ready to leave.  FISHER said he would hit TILLMON in twenty, thirty minutes and they would figure out a place to link. | | | | cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Dondrai Fisher ordering a specific amount of illegal narcotics from James Tillmon.   They then discuss how long it will be before they can meet. |

| Defendant | Objections to Statement #42 |
|---|---|
| [name] | |
| [name] | |

| Statement #43 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called RICKY GARRISON and said that he would have that little shit for GARRISON in a second.   TILLMON said that he might need some more of that shit.  TILLMON said Blas wanted two of the bitches in about thirty minutes.  GARRISON asked if TILLMON was going to sell him them.  TILLMON said he already sold one yesterday.   TILLMON said he told them his nigga didn't want any.  TILLMON said at three hundred he | Ricky Garrison and James Tillmon | 1/18/2014, 12:12 p.m. | Wire intercept TT#4 Call #3541 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is James Tillmon ordering drugs from Ricky Garrison so that James Tillmon can supply Dondrai Fisher ("Blas") with the illegal narcotics. |

| was going to sell them the other one he had.  TILLMON said that "he" wanted to of them.   GARRISON asked if TILLMON was going to make it up or if he wanted GARRISON to make it up. TILLMON said it did not make a difference and he would tell GARRISON to make up when he (GARRISON) got there. TILLMON said "he" said he would call in about thirty minutes. TILLMON said he had little Da's girl to make the other one up. | | | | |
|---|---|---|---|---|

| Defendant | Objections to Statement #43 |
|---|---|
| [name] | |
| [name] | |

| Statement #44 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| DONDRAI FISHER called JAMES TILLMON.   TILLMON said his ride had not arrived and "she" had to bring him shit.   FISHER said to hit him when his (TILLMON's) ride got there and they would meet somewhere. | James Tillmon and Dondrai Fisher | 1/18/2014, 12:25 p.m. | Wire intercept TT#4 Call #3550 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment. |

| | | | | The statement(s) is Dondrai Fisher and James Tillmon discussing when and how to meet in order to conduct a drug transaction. |
|---|---|---|---|---|

| Defendant | Objections to Statement #44 |
|---|---|
| [name] | |
| [name] | |

| Statement #45 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called DONDRAI FISHER.  FISHER asked TILLMON where he was at.  TILLMON said he was fitting to shoot over to his brother's crib and asked where FISHER wanted to meet up at.   FISHER said he was at his office and he was waiting for "this nigga" to come through about two.   FISHER said after that he could go anywhere.   TILLMON said he could shoot that way.  TILLMON said it did not make a difference because he was mobile now.   FISHER said that would be cool and to come on through. | James Tillmon and Dondrai Fisher | 1/18/2014, 1:42 p.m. | Wire intercept TT#4 Call #3570 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.

The statement(s) is Dondrai Fisher and James Tillmon discussing when and how to meet in order to conduct a drug transaction. |

| Defendant | Objections to Statement #45 |
|---|---|
| [name] | |
| [name] | |

| Statement #46 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called DONDRAI FISHER and said he was on his way there right now. FISHER asked where he was coming from and TILLMON said Mississippi and Peoria.   FISHER said he had to head that way anyway and asked if TILLMON wanted to meet off of Alameda and HAVANA or something.   FISHER said that TILLMON knew where he was coming from so about ten, fifteen minutes. | James Tillmon and Dondrai Fisher | 1/18/2014, 2:41 p.m. | Wire intercept TT#4 Call #3577 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Dondrai Fisher and James Tillmon discussing when and how to meet in order to conduct a drug transaction. |

| Defendant | Objections to Statement #46 |
|---|---|
| [name] | |
| [name] | |

| Statement #47 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| DONDRAI FISHER called JAMES TILLMON and asked if TILLMON wanted to meet at the Burger King off of Dayton.   TILLMON said for sure and that was cool right there. FISHER said he was in route right now. | James Tillmon and Dondrai Fisher | 1/18/2014, 2:49 p.m. | Wire intercept TT#4 Call #3579 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Dondrai Fisher and James Tillmon discussing when and how to meet in order to conduct a drug transaction. |

| Defendant | Objections to Statement #47 |
|---|---|
| [name] | |
| [name] | |

| Statement #48 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called DONDRAI FISHER and said he was ordering some food and that he was fitting to walk out.   FISHER said he saw TILLMON and he was about to grab a drink in the drive-thru. | James Tillmon and Dondrai Fisher | 1/18/2014, 3:01 p.m. | Wire intercept TT#4 Call #3582 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and |

| FISHER said he saw TILLMON's white car out front so he would be right there. | | | | cocaine as alleged in Count One of the indictment.

The statement(s) is Dondrai Fisher and James Tillmon discussing when and how to meet in order to conduct a drug transaction. |

| Defendant | Objections to Statement #48 |
|---|---|
| [name] | |
| [name] | |

| Statement #49 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called RICKY GARRISON and said he had that bread for GARRISON. GARRISON asked what TILLMON wanted him to do about the rest. TILLMON said that he told "him" that he would get back with "him." TILLMON said "he" grabbed one, wanted two of them, but was in a hurry.   GARRISON asked if he should wait a second.   TILLMON affirmed and said "he" grabbed one from TILLMON just now. TILLMON said he sold the other one to his nigga so he told "him" that tomorrow.   GARRISON said he had | Ricky Garrison and James Tillmon | 1/18/2014, 3:19 p.m. | Wire intercept TT#4 Call #3585 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.

The statement(s) is James Tillmon informing Garrison he had money to pay him after Tillmon had delivered the drugs to Fisher and received money for the drugs.   They discuss further drug transactions during this call as well. |

| | | | | |
|---|---|---|---|---|
| to wait there until "she" got back to get with TILLMON because her sister took the keys. | | | | |

| Defendant | Objections to Statement #49 |
|---|---|
| [name] | |
| [name] | |

| Statement #50 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| An UNKNOWN MALE called JAMES TILLMON.  TILLMON said he was putting it together now. The UNKNOWN MALE said to leave three five of the salts out because "he" wanted three five of salt.   The UNKNOWN MALE asked how long it would be until TILLMON got to his old man's crib and TILLMON said about an hour. The UNKNOWN MALE said he would call "him" so he could have "his" ass on point. | James Tillmon and an Unknown Male | 1/27/2014, 3:20 p.m. | Wire intercept TT#4 Call #5561 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is James Tillmon and an uncharged co-conspirator discussing the fact that Tillmon is preparing the drugs for distribution and the un-indicted co-conspirator's desire to get some illegal narcotics for re-distribution. |

| Defendant | Objections to Statement #50 |
|---|---|
| [name] | |
| [name] | |

| Statement #51 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called an UNKNOWN MALE and asked what he wanted.   The UNKNOWN MALE said three five and TILLMON said he would need one forty.   The UNKNOWN MALE said he would tell "him" that it would 150 for the UNKNOWN MALE. TILLMON said to give him one fifty and he would put some in there for the UNKNOWN MALE. | James Tillmon and an Unknown Male | 1/27/2014, 3:26 p.m. | Wire intercept TT#4 Call #5565 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is James Tillmon and an uncharged co-conspirator discussing Tillmon supplying the unknown male with illegal narcotics and the cost of those illegal narcotics. |

| Defendant | Objections to Statement #51 |
|---|---|
| [name] | |
| [name] | |

| Statement #52 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| An UNKNOWN MALE called TILLMON and said "he" was ready whenever TILLMON was there. TILLMON said he would call the UNKNOWN MALE when he was done. | James Tillmon and an Unknown Male | 1/27/2014, 3:28 p.m. | Wire intercept TT#4 Call #5566 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is James Tillmon and an uncharged co-conspirator discussing Tillmon preparing to meet for the drug transaction. |

| Defendant | Objections to Statement #52 |
|---|---|
| [name] | |
| [name] | |

| Statement #53 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| An UNKNOWN MALE texted JAMES TILLMON and said that "he" wants soft lord. | James Tillmon and an Unknown Male | 1/27/2014, 3:30 p.m. | Wire intercept TT#4 Call #5567 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment. |

| | | | | The statement(s) is a text from the uncharged co-conspirator ordering powder cocaine from James Tillmon. |
|---|---|---|---|---|

| Defendant | Objections to Statement #53 |
|---|---|
| [name] | |
| [name] | |

| Statement #54 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| An UNKNOWN MALE called JAMES TILLMON.  TILLMON asked what the UNKNOWN MALE wanted him to put to the side.   The UNKNOWN MALE said that whatever TILLMON could have done for him.   TILLMON said he would put .3, .4 to the side for the UNKNOWN MALE.   TILLMON said he was on the way right now. | James Tillmon and an Unknown Male | 1/27/2014, 4:24 p.m. | Wire intercept TT#4 Call #5580 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Tillmon and an unknown male discussing the amount of cocaine to be supplied by Tillmon to the uncharged co-conspirator. |

| Defendant | Objections to Statement #54 |
|---|---|
| [name] | |
| [name] | |

| Statement #55 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called an UNKNOWN MALE.   The UNKNOWN MALE said he had his man on the phone and he (man) wanted to know if TILLMON could meet on Hampden and Monaco. The UNKNOWN MALE said he was at a bar called Cheers and TILLMON said he knew where that was at. | James Tillmon and an Unknown Male | 1/27/2014, 4:30 p.m. | Wire intercept TT#4 Call #5581 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Tillmon and an unknown male discussing where to meet for the drug transaction. |

| Defendant | Objections to Statement #55 |
|---|---|
| [name] | |
| [name] | |

| Statement #56 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called an UNKNOWN MALE and said to tell that nigga he (TILLMON) would be | James Tillmon and an Unknown | 1/27/2014, 5:12 p.m. | Wire intercept | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve |

| there in ten minutes. | Male | | TT#4 Call #5605 | co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Tillmon and an unknown male discussing when to meet for the drug transaction. |

| Defendant | Objections to Statement #56 |
| --- | --- |
| [name] | |
| [name] | |

| Statement #57 | Declarant | Date | Source | Basis for Admission |
| --- | --- | --- | --- | --- |
| GREG LNU called JAMES TILLMON.   TILLMON asked who was calling and GREG LNU said he was Greg.   GREG LNU said TILLMON met him at jail yesterday. TILLMON asked what he was trying to do.   GREG LNU said two of yesterday's.   TILLMON said alright and that he would call GREG LNU. GREG LNU said to hit him when he (TILLMON) was ready. | James Tillmon and Greg LNU | 1/28/2014, 11:31 a.m. | Wire intercept TT#4 Call #5797 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Tillmon and an unknown male known only as Greg LNU discussing a drug transaction to take place where Tillmon will supply Greg LNU with illegal narcotics. |

| Defendant | Objections to Statement #57 |
|---|---|
| [name] | |
| [name] | |

| Statement #58 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| GREG LNU called JAMES TILLMON and asked where TILLMON was at.   TILLMON said he was at Colfax and Havana.  GREG LNU said he had to go to Sixth and Sable to do a UA.  TILLMON said to get with him as soon as he (Greg LNU) was done. | James Tillmon and Greg LNU | 1/28/2014, 1:46 p.m. | Wire intercept TT#4 Call #5833 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.  The statement(s) is Tillmon and Greg LNU discussing where to meet for the drug transaction. |

| Defendant | Objections to Statement #58 |
|---|---|
| [name] | |
| [name] | |

| Statement #59 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| GREG LNU called JAMES TILLMON and said he was at Alameda and Havana.   GREG LNU asked how long TILLMON was talking about and he said twenty minutes.   GREG LNU said to bring one of those because "people" wanted one, GREG LNU thought "he" wanted two.   GREG LNU said he was sitting at Walgreens but he didn't want to sit there twenty minutes.   TILLMON said he had to run up in the crib at Havana and Colfax and then come that way. TILLMON said he was going to the crib to get it right now.   GREG LNU directed TILLMON to weigh it to make sure "they" right on the ticket because it was a little bit skeptical yesterday.   TILLMON said the man told him to put some to the side for him (man) and that was why he had it in two. | James Tillmon and Greg LNU | 1/28/2014, 2:17 p.m. | Wire intercept TT#4 Call #5839 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Tillmon and Greg LNU discussing where to meet for the drug transaction.   Further, Tillmon advised Greg LNU that Tillmon had weighed the drugs to make sure the correct amount was available for sale. |

| Defendant | Objections to Statement #59 |
|---|---|
| [name] | |
| [name] | |

| Statement #60 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| JAMES TILLMON called GREG LNU and said that he was coming down Havana.   GREG LNU said he was in the car wash.   GREG LNU asked TILLMON if he knew where Havana and Alameda Walgreens was at.  TILLMON said yup and GREG LNU said he was in the car wash right beside it. | James Tillmon and Greg LNU | 1/28/2014, 2:36 p.m. | Wire intercept TT#4 Call #5843 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute methamphetamine (ecstasy and "Molly") and cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is Tillmon and Greg LNU discussing where to meet for the drug transaction. |

| Defendant | Objections to Statement #60 |
|---|---|
| [name] | |
| [name] | |

| Statement #61 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called FRANCISCO AGUILAR and asked what the deal was.   AGUILAR said that all he had left was the four.  GARRISON said he would probably come get half of that today.  GARRISON asked what was up with the loud.   AGUILAR said he went | Ricky Garrison and Francisco Aguilar | 3/25/2014, 7:32 p.m. | Wire intercept TT#10 Call #24 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

| | | | | |
|---|---|---|---|---|
| and saw Simon who said he and GARRISON were doing some shit or something.   GARRISON said he cut that phone off.   GARRISON said "he" stopped answering and was bullshitting so he (GARRISON) left. GARRISON said that he would come holler at AGUILAR since he now knew that AGUILAR was good. AGUILAR asked what time and GARRISON said he didn't know yet because he just pulled in last night. AGUILAR said he had four left, that was it, and they were the bomb. | | | | The statement(s) involves Ricky Garrison asking Francisco Aguilar how much cocaine he has left.   Aguilar informs Garrison how much he has left and Garrison states his plan to purchase half of what Aguilar has and goes on to say he will retrieve it later. |

| Defendant | Objections to Statement #61 |
|---|---|
| [name] | |
| [name] | |

| Statement #62 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called FRANCISCO AGUILAR and asked if AGUILAR still had that. AGUILAR affirmed and GARRISON said he would probably come get with him after AGUILAR got out of work tomorrow. AGUILAR said that was cool and to | Ricky Garrison and Francisco Aguilar | 3/25/2014, 9:15 p.m. | Wire intercept TT#10 Call #25 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

| | | | | |
|---|---|---|---|---|
| hit him up.   GARRISON asked if AGUILAR could call that motherfucker.   GARRISON said he would rather just meet the motherfucker case that is some bullshit.   GARRISON said he was already ready for "him" and he wants to get the shit.   AGUILAR said he would hit "him" up. | | | | The statement(s) involves Ricky Garrison asking Francisco Aguilar for cocaine and they discuss making arrangements for a drug transaction to take place. |

| Defendant | Objections to Statement #62 |
|---|---|
| [name] | |
| [name] | |

| Statement #63 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON texted FRANCISCO AGUILAR and asked if AGUILAR had his magic cut or if GARRISON had to bring his. | Ricky Garrison and Francisco Aguilar | 3/25/2014, 9:45 p.m. | Wire intercept TT#10 Call #27 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a text from Ricky Garrison asking Francisco Aguilar if he had his cut (product added to cocaine to make more powder for a greater profit) so that Ricky |

| | | | | Garrison can "cut" the cocaine he plans to purchase from Aguilar. |
|---|---|---|---|---|

| Defendant | Objections to Statement #63 |
|---|---|
| [name] | |
| [name] | |

| Statement #64 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR texted RICKY GARRISON and said "got." | Ricky Garrison and Francisco Aguilar | 3/25/2014, 9:46 p.m. | Wire intercept TT#10 Call #28 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. The statement(s) is a text from Aguilar confirming to Garrison that Aguilar has his cut material. |

| Defendant | Objections to Statement #64 |
|---|---|
| [name] | |
| [name] | |

| Statement #65 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR texted RICKY GARRISON and asked if GARRISON was coming. AGUILAR said he was going to crash. | Ricky Garrison and Francisco Aguilar | 3/25/2014, 11:32 p.m. | Wire intercept TT#10 Call #29 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a text from Aguilar asking when Garrison was going to arrive for the drug transaction. |

| Defendant | Objections to Statement #65 |
|---|---|
| [name] | |
| [name] | |

| Statement #66 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| FRANCISCO AGUILAR texted RICKY GARRISON and asked if GARRISON wanted to meet at his (AGUILAR's) crib at three. | Ricky Garrison and Francisco Aguilar | 3/26/2014, 1:08 p.m. | Wire intercept TT#10 Call #34 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment. |

| | | | | The statement(s) is a text from Aguilar asking Garrison where to meet for a drug transaction. |
|---|---|---|---|---|

| Defendant | Objections to Statement #66 |
|---|---|
| [name] | |
| [name] | |

| Statement #67 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON texted FRANCISCO AGUILAR and said it would be after because his (GARRISON's) man didn't get out until five. | Ricky Garrison and Francisco Aguilar | 3/26/2014, 1:13 p.m. | Wire intercept TT#10 Call #35 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.

The statement(s) is a text from Garrison informing Aguilar that Garrison had been delayed and the drug meeting would happen later. |

| Defendant | Objections to Statement #67 |
|---|---|
| [name] | |
| [name] | |

| Statement #68 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called FRANCISCO AGUILAR and said that "he" didn't get out until six. GARRISON said six thirty or six forty five but it was for sure though. AGUILAR said to give him a call and asked what "he" and GARRISON wanted.   GARRISON said he would probably do all of that, whatever AGUILAR had left. AGUILAR asked if the four and GARRISON said yeah. GARRISON asked if AGUILAR made that call for him.   AGUILAR said he called "him" right now and "he" hadn't called back. | Ricky Garrison and Francisco Aguilar | 3/26/2014, 3:57 p.m. | Wire intercept TT#10 Call #36 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a conversation between Garrison and Aguilar discussing when to meet for a drug transaction as well as Garrison informing Aguilar that Garrison would purchase all the cocaine Aguilar had left. |

| Defendant | Objections to Statement #68 |
|---|---|
| [name] | |
| [name] | |

| Statement #69 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called FRANCISCO AGUILAR and asked if AGUILAR was in the area. AGUILAR affirmed.   GARRISON | Ricky Garrison and Francisco | 3/26/2014, 6:29 p.m. | Wire intercept TT#10 Call | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and |

| said he was fitting to leave this side of town and was coming to AGUILAR.   AGUILAR said to call him when he (GARRISON) was close because he was down the street. | Aguilar | | #45 | base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a conversation between Garrison and Aguilar discussing when to meet for a drug transaction. |

| **Defendant** | **Objections to Statement #69** |
| --- | --- |
| [name] | |
| [name] | |

| **Statement #70** | **Declarant** | **Date** | **Source** | **Basis for Admission** |
| --- | --- | --- | --- | --- |
| RICKY GARRISON called FRANCISCO AGUILAR and said he was two minutes out. AGUILAR said he would be right there. | Ricky Garrison and Francisco Aguilar | 3/26/2014, 7:08 p.m. | Wire intercept TT#10 Call #49 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a conversation between Garrison and Aguilar discussing when to meet for a drug transaction. |

| Defendant | Objections to Statement #70 |
|-----------|------------------------------|
| [name] | |
| [name] | |

| Statement #71 | Declarant | Date | Source | Basis for Admission |
|---------------|-----------|------|--------|---------------------|
| RICKY GARRISON called FRANCISCO AGUILAR and said to open up.   AGUILAR said alright. | Ricky Garrison and Francisco Aguilar | 3/26/2014, 7:21 p.m. | Wire intercept TT#10 Call #52 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine and base cocaine as alleged in Count One of the indictment.<br><br>The statement(s) is a conversation where Garrison informs Aguilar that he has arrived for the drug transaction. |

| Defendant | Objections to Statement #71 |
|-----------|------------------------------|
| [name] | |
| [name] | |

| Statement #72 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| LATOYA WIMBUSH called RICKY GARRISON and asked if she could see him.  GARRISON said he wouldn't be that long and would come straight to her. GARRISON asked what WIMBUSH wanted him to do and she said the same thing. GARRISON asked if a "beezy" and WIMBUSH said she wanted that but was thirty short from a beezy. GARRISON said he would do it anyway. | Ricky Garrison and Latoya Wimbush | 11/16/2013, 7:10 p.m. | Wire intercept TT#2 Call #137 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to mainly cocaine but also cocaine base as alleged in Count One of the indictment.<br><br>The statement(s) involves Latoya Wimbush requesting a quantity of cocaine from Ricky Garrison. |

| Defendant | Objections to Statement #72 |
|---|---|
| [name] | |
| [name] | |

| Statement #73 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called LATOYA WIMBUSH and said he was going to start making the shit fire so they need to pick it up. | Ricky Garrison and Latoya Wimbush | 11/16/2013, 8:00 p.m. | Wire intercept TT#2 Call #142 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to mainly cocaine but also |

| | | | | |
|---|---|---|---|---|
| WIMBUSH said that "they" were in love with it right now.  GARRISON said he put some vodka in it and it seemed like ten grams disappeared. GARRISON said it is fire but he thinks the motherfuckers are making synthetic coke or something because he hasn't ever seen it before. GARRISON told WIMBUSH to push, stop being lazy, get up off her ass, and go get contacts. GARRISON told WIMBUSH to tell her mother to go work too. | | | | cocaine base as alleged in Count One of the indictment.<br><br>The statement(s) involves Latoya Wimbush requesting a quantity of cocaine base from Ricky Garrison.  In addition, Ricky Garrison informs Wimbush that he is going to cook the cocaine into cocaine base.   Garrison also encourages Wimbush to work on getting more customers for the cocaine and cocaine base. |

| **Defendant** | **Objections to Statement #73** |
|---|---|
| [name] | |
| [name] | |

| **Statement #74** | **Declarant** | **Date** | **Source** | **Basis for Admission** |
|---|---|---|---|---|
| SIMEON RAMIREZ called RICKY GARRISON and said he had two of the singles left.   RAMIREZ asked if GARRISON could use any. GARRISON said that he could. RAMIREZ said they did an order yesterday but had a couple left. | Ricky Garrison and Simeon Ramirez | 11/22/2013, 10:26 a.m. | Wire intercept TT#2 Call #683 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine as alleged in Count One of the indictment. |

| GARRISON asked if there were two and RAMIREZ affirmed. RAMIREZ said that he would drop them off to GARRISON later. | | | | The statement(s) involves Simeon Ramirez asking Ricky Garrison if he was in need of any more cocaine as Ramirez had extra cocaine remaining from a previous supply. |

| Defendant | Objections to Statement #74 |
|---|---|
| [name] | |
| [name] | |

| Statement #75 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called SIMEON RAMIREZ and asked where he was at.   RAMIREZ said he was at GARRISON's crib. GARRISON said he would be about an hour.   GARRISON told RAMIREZ to open up the Impala and put it in there.   GARRISON said he would go get the money and take it straight to RAMIREZ. RAMIREZ said that it was one. GARRISON said he had seven hundred on him right now. RAMIREZ said that it was locked and GARRISON directed him to the garage.   RAMIREZ said he put it in | Ricky Garrison and Simeon Ramirez | 11/22/2013, 1:44 p.m. | Wire intercept TT#2 Call #709 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine as alleged in Count One of the indictment.  The statement(s) involves Ricky Garrison and Simeon Ramirez discussing how to get the cocaine to Garrison.   The two co-conspirators initially discuss having the cocaine put in a car but then decide to put it in a garage. |

| the white towel where all of the cleaning supplies were. | | | | |
|---|---|---|---|---|

| Defendant | Objections to Statement #75 |
|---|---|
| [name] | |
| [name] | |

| Statement #76 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called BHATIA FOX.   GARRISON and FOX talked about "Charlie" getting killed.   GARRISON said that Charlie had asked him (GARRISON) for a pistol.   FOX said he already had that shit sold and can't be doing this for free.   FOX said he was grateful for what GARRISON gave him but GARRISON wasn't all the way together.   GARRISON said he only had an ounce and ten when he gave FOX the first seven.   FOX said he thought GARRISON was going to put him in the game and continued to talk about drug amounts and money. | Ricky Garrison and Bhatia Fox | 11/26/2013, 10:41 a.m. | Wire intercept TT#2 Call #1152 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine as alleged in Count One of the indictment.

The statement(s) involves Ricky Garrison and Bhatia Fox discussing weights and types of drugs that Garrison had available for distribution.   They further discuss the prices of drugs.   They then go on and discuss the cooking of drugs and the profit (or loss of profit) in doing so.   Further, Garrison informs Fox that he is safe during drug deals because he carries a gun. |

| | | | |
|---|---|---|---|
| GARRISON said that the shit is too expensive for him to be giving it away.   GARRISON said if he's only getting threes and fours it's too expensive for him to be giving away a whole zip at a time and not have a next day turnover.   GARRISON said it isn't his responsibility to put FOX all the way in.   GARRISON continued to talk about drug amounts and prices.   GARRISON talked about the risks of fronting drugs. GARRISON said he is paying eleven, eleven hundred. GARRISON said he is taking one and a half and turning it into two. GARRISON talked about losing when they "dry cooked." GARRISON said he has assisted FOX before but FOX has not reciprocated.   FOX said he hooked GARRISON up with some "real niggas" that wouldn't rob him and that GARRISON could get money from.   GARRISON said he has always been up because he paid on his shit.   GARRISON said the "niggas" have stayed off of him because they know he will gun their asses down.   GARRISON said he has been hit and that shit will never | | | |

| | | | | |
|---|---|---|---|---|
| go down like that again. GARRISON said he let off his rounds and did what he did.   FOX said GARRISON was blessed because they were both still there. | | | | |

| Defendant | Objections to Statement #76 |
|---|---|
| [name] | |
| [name] | |

| Statement #77 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called JAMES TILLMON.  GARRISON talked about a burglary that occurred at his residence.  GARRISON said they took all of his bread.  GARRISON said when he first pulled up and saw it he went in and looked for his pistol.  GARRISON said he grabbed his pistol, racked it, and looked through the house to make sure no one was there.  GARRISON and TILLMON speculated that law enforcement possibly searched the residence. | Ricky Garrison and James Tillmon | 12/12/2013, 1:35 p.m. | Wire intercept TT#2 Call #2122 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine, base cocaine and methamphetamine as alleged in Count One of the indictment.<br><br>The statement(s) is between Ricky Garrison and James Tillmon where they discuss that Garrison has been the victim of a burglary; however, Garrison speculates that it is the police who searched his home.  Further, Garrison discusses that the his money (obtained from illegal drug activities) was taken. |

| Defendant | Objections to Statement #77 |
|---|---|
| [name] | |
| [name] | |

| Statement #78 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called SIMEON RAMIREZ.  GARRISON said he had to run down to Wyoming to pick up clips because they wouldn't let him send the shit to Colorado.  RAMIREZ asked if GARRISON had to drive up there. GARRISON said yes but it was just some clips.  GARRISON said in Colorado they won't let you get extended clips so when he gets them he sends them to his "bitch" in Wyoming and then he picks them up. | Ricky Garrison and Simeon Ramirez | 3/2/2014, 3:00 p.m. | Wire intercept TT#2 Call #3781 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine as alleged in Count One of the indictment.<br><br>The statement(s) involves Ricky Garrison and Simeon Ramirez discussing how to get clips for their guns.  Garrison discusses how he obtains over size clips by having them sent to Wyoming.   Through phone calls and cooperator testimony the government will establish that Garrison uses guns as a way to protect himself during illegal drug transactions. |

| Defendant | Objections to Statement #78 |
|---|---|
| [name] | |
| [name] | |

| Statement #79 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called ROBERT PAINTER.  PAINTER asked if GARRISON could get any of the clear stuff and GARRISON said he could get it.   GARRISON said he had the other for sure and it was fire.   PAINTER asked if he had a whole onion and GARRISON said yes.   PAINTER asked about the charge and GARRISON said he would do eleven.   GARRISON said that it was his last zip and PAINTER said to hold on to it. | Ricky Garrison and Robert Painter | 3/2/2014, 2:50 p.m. | Wire intercept TT#2 Call #3779 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>The statement(s) involves Robert Painter inquiring whether Ricky Garrison had any methamphetamine.   Painter and Garrison then discuss quantities that are available and how much is to be supplied. |

| Defendant | Objections to Statement #79 |
|---|---|
| [name] | |
| [name] | |

| Statement #80 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| ROBERT PAINTER called RICKY GARRISON and asked if he could come get that.   GARRISON asked if it was the zip and PAINTER affirmed.  GARRISON asked where PAINTER was at and PAINTER said he would be there in twenty or thirty minutes at the longest. | Ricky Garrison and Robert Painter | 3/2/2014, 2:54 p.m. | Wire intercept TT#2 Call #3780 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") and heroin as alleged in Count One of the indictment.<br><br>The statement(s) involves Robert Painter and Ricky Garrison making arrangements to have illegal narcotics supplied to Painter by Garrison and the specifics of timing and where to meet for the drug transaction. |

| Defendant | Objections to Statement #80 |
|---|---|
| [name] | |
| [name] | |

| Statement #81 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called TRAVIS EDWARDS and asked if EDWARDS would bring him one of them things.   EDWARDS asked if he wanted a whole one and | Ricky Garrison and Travis Edwards | 3/2/2014, 3:43 p.m. | Wire intercept TT#2 Call #1457 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute cocaine as alleged in Count One of the indictment. |

| GARRISON affirmed. EDWARDS said to give him a minute to get there.   GARRISON asked what the ticket was going to be and EDWARDS said he would charge the same thing GARRISON would charge him. | | | | The statement(s) involves Travis Edwards agreeing to supply Ricky Garrison with a quantity of cocaine and that Edwards would be there soon.   They additionally agree that Edwards will charge Garrison the same amount for the cocaine that Garrison usually charges Edwards for the same amount of cocaine. |

| Defendant | Objections to Statement #81 |
| --- | --- |
| [name] | |
| [name] | |

| Statement #82 | Declarant | Date | Source | Basis for Admission |
| --- | --- | --- | --- | --- |
| RICKY GARRISON called an UNKNOWN MALE.   GARRISON said he has to figure it out because he wasn't getting on the highway with all of his straps.   The UNKNOWN MALE asked how many GARRISON had.   GARRISON said he had a nice little doo wop, a little mac, and two nines.   The UNKNOWN MALE asked if GARRISON was going to give him that nine.   GARRISON said it might | Ricky Garrison and an Unknown Male | 5/16/2014, 1:19 p.m. | Wire intercept TT#13 Call #126 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment. The statement(s) involves Ricky Garrison describing to an unknown male that he wasn't getting on the highway because he had guns. Garrison then describes that he has 4 guns. |

| | | | | |
|---|---|---|---|---|
| be a little shorter than eight hundred because he took a zip loss. | | | | The Unknown male inquires whether Garrison was going to give him one of the guns but Garrison explains that he may be short on drug money because he took a drug loss.   Through phone calls and cooperator testimony the government will establish that Garrison uses guns as a way to protect himself during illegal drug transactions. |

| Defendant | Objections to Statement #82 |
|---|---|
| [name] | |
| [name] | |

| Statement #83 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| RICKY GARRISON called an UNKNOWN MALE.   The UNKNOWN MALE said it was under the dresser.   GARRISON said he was talking about the black one. The UNKNOWN MALE said the black one was still in the box. GARRISON asked if it was downstairs and the UNKNOWN MALE said he took it back down there.   The UNKNOWN MALE said it was right where GARRISON put it. | Ricky Garrison and an Unknown Male | 5/20/2014, 3:20 p.m. | Wire intercept TT#13 Call #433 | The statements are admissible under Rule 801(d)(2)(E) because the statement(s) involve co-conspirators communicating in furtherance of the conspiracy to distribute mainly cocaine but also methamphetamine (ecstasy and "Molly") as alleged in Count One of the indictment.<br><br>The statement(s) involves Ricky Garrison and unknown male discussing where a firearm is located in Garrison's residence.   Through phone calls and cooperator testimony the government will establish that Garrison uses |

| | | | | guns as a way to protect himself during illegal drug transactions both at his residence and outside his residence. |
|---|---|---|---|---|

| Defendant | Objections to Statement #83 |
|---|---|
| [name] | |
| [name] | |