**INSTRUCTION NO. \_\_**

**STATEMENTS ADMITTED BUT NOT FOR THE TRUTH**

Certain statements have been admitted to you to give context to statements made by the defendant. Their only purpose is to help explain the defendant's statements. These statements are not evidence or proof of any facts. Thus, you may not consider the portions of the statements listed below as proof of the matter asserted.

The following statements have been admitted to help explain the defendant's evidence:

1.

2.

3.

4.

<u>United States v. Wright</u>, 722 F.3d 1064, 1068 (7th Cir. 2013)

This was a case that where an informer's recorded encounter with a defendant was played to the jury and the defense objected on confrontations grounds. While the case was not reversed, the Seventh Circuit stated:
> But while this kind of boilerplate instruction might not be reversible error under our precedent, we are concerned that generic jury instructions unadapted to the particulars of a case may fail to give the practical guidance that lay jurors need. If scenarios like these arise in the future, and instructions are to be given, those instructions should tell the jury— directly and concretely—what it can and cannot consider, and why.

Defense also incorporated 10th Circuit Pattern Jury Instructions, Pattern Jury Instruction 1.41. (2011). (The Court ordered the parties to proffer an appropriate limiting instruction, and there is no stock instruction of which the Defense is aware).

## INSTRUCTION NO. ___

## BUYER-SELLER RELATIONSHIP

A buyer-seller relationship between a defendant and another person, standing alone, cannot support a conviction for conspiracy. The fact that a defendant may have bought [specify controlled substance] from another person or sold [specify controlled substance] to another person is not sufficient without more to establish that the defendant was a member of the charged conspiracy. Instead, a conviction for conspiracy requires proof of an agreement to commit a crime beyond that of the mere sale.

In considering whether the evidence supports the existence of a conspiracy or the existence of a buyer-seller relationship, you should consider all the evidence, including the following factors:

1. whether the sales were made on credit or consignment;
2. the frequency of the sales;
3. the quantity of the sales;
4. the level of trust demonstrated between the buyer and the seller, including the use of codes;
5. the length of time during which the sales were ongoing;
6. whether the transactions were standardized;
7. whether the parties advised each other on the conduct of the other's business;
8. whether the buyer assisted the seller by looking for other customers;

      9.     and whether the parties agreed to warn each other of potential threats from competitors or law enforcement.

These are merely a list of relevant factors to aid you in analyzing the evidence; the presence or absence of any single factor is not determinative.

---

9.19A <u>Pattern Jury Instructions, Criminal Cases</u>, Ninth Circuit.  Controlled Substance – Conspiracy to Distribute or Manufacture; *see also United States v. Moe,* 781 F.3d 1120 (9th Cir. 2015) (buyer-seller instruction not required when jury instructions as a whole accurately inform jury that conspiracy cannot be found based solely on sale of drugs from one party to another. However, buyer-seller instruction might assist jury in working through fact-intensive determinations and, in certain circumstances, buyer-seller instruction might be required).  "To show a conspiracy, the government must show not only that [the seller] gave drugs to other people knowing that they would further distribute them, but also that he had an agreement with these individuals to so further distribute the drugs." *United States v. Lennick,* 18 F.3d 814, 819 (9th Cir. 1994).

# INSTRUCTION NO. ___

## Presumption of Innocence, Burden of Proof, and Reasonable Doubt

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt, as there are very few things in this world that we know with absolute certainty. The test is one of reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. A "reasonable doubt" is a doubt based upon common sense after careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. Unless the government proves, beyond a

Defendant's C

reasonable doubt, that the defendant has committed each and every element of each and every offense charged in the indictment, you must find him not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of not guilty, the other of guilt - the jury must, of course, adopt the conclusion of not guilty. If the inference of guilt is stronger than the inference of not guilty but not strong enough to be beyond a reasonable doubt, then the jury must acquit.

*United States v. Nicholas Brooks Race,* 11-cr-00130-WYD.

Defendant's C