CO-PS8
(12/14-D/CO)

Exhibit 1

# United States District Court
# for the District of Colorado

U.S.A. vs. Christopher Vigil                                              Dkt. No. 1:14CR00231-06

## Petition for Warrant of Defendant Under Pretrial Release

Comes now, Seth Junker, Probation Officer of the Court, presenting an official report upon the conduct and attitude of defendant Christopher Vigil, who was placed under pretrial release supervision by the Honorable Kristen L. Mix, sitting in the Court at Denver, Colorado, on June 30, 2014. As noted in the Order Setting Conditions of Release (Document 174), the Court ordered conditions of pretrial release. The probation officer alleges the defendant has violated the following terms and conditions of pretrial release as set forth herein.

**Respectfully presenting petition for action of the Court and for cause as follows:**

1) **The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Under no circumstances may the defendant use or possess any form or genus of cannabis (marijuana), however, regardless of Colorado state law, because marijuana is a Schedule I controlled substance under 21 U.S.C. § 812(c) which has no currently accepted medical use in the United States.**

On December 21, 2014, the defendant submitted a urinalysis test which confirmed positive for cocaine. Upon being confronted by his supervising officer, the defendant denied the use of cocaine.

On March 9, 2015, the defendant submitted a urinalysis test which confirmed positive for cocaine. On March 20, 2015, the defendant reported to the United States Probation Office as instructed and met with his supervising officer, as well as a supervising probation officer. At that time, the defendant initially denied the use of cocaine. However, the defendant later admitted to using cocaine on December 21, 2014, as well as on March 9, 2015. At that time, the defendant's substance abuse treatment sessions were increased in frequency.

On March 22, 2015, the defendant submitted a urinalysis test which again confirmed positive for cocaine. The defendant admitted to his supervising officer that he used cocaine on or about March 19, 2015, prior to the meeting at the Probation Office.

The defendant continued individual and group substance abuse treatment following his positive tests for cocaine in December 2014 and March 2015. On May 4, 2016, the defendant again submitted a urinalysis which confirmed positive for cocaine. On May 16, 2016, the undersigned spoke with the defendant via telephone. The defendant adamantly denied the use of cocaine. In fact, the defendant fabricated a story that the drug testing collection agency must have tampered with his drug test. At that time, the undersigned instructed the defendant to report to the United States Probation Office to further discuss this issue. Shortly after meeting with the defendant, he admitted to using cocaine prior to his drug test on May 5, 2016. The defendant

Christopher Vigil  
1:14CR00231-06

Petition For Warrant  
Page - 2

January 17, 2017

attributed his use to "stress" of having a newborn, getting little sleep, and his wife going through postpartum depression. Additionally, the defendant acknowledged being scared about sentencing which at the time was scheduled for May 31, 2016. As a result of this violation, the defendant's drug testing was increased and he was placed in a relapse prevention treatment group. Lastly, the defendant was advised that any further non-compliance could result in a bond revocation. The defendant acknowledged an understanding of the potential consequences.

On December 28, 2016, the defendant submitted a urinalysis which tested presumptive positive for cocaine. On January 7, 2017, the undersigned confronted the defendant regarding the recent positive drug test for cocaine. The defendant adamantly denied using cocaine. On January 10, 2017, tests results returned confirmed positive for cocaine.

RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER the issuance of a warrant for violation(s) of pretrial release, and subsequent to the arrest of the defendant, that the Court address violations of the conditions of pretrial release.

## ORDER OF THE COURT

Considered and ordered filed under seal and made a part of the record in the above case.

I declare under the penalty of perjury that the foregoing is true and correct.

*s/ Seth W. Junker*  
Seth W. Junker  
United States Probation Officer  
Date:  January 17, 2017

Kristen L. Mix  
U.S. Magistrate Judge  
Date: