IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   14-cr-00231-WJM-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    RICKY GARRISON,

       Defendant.

---

## GOVERNMENT RESPONSE TO RICKY GARRISON'S STATEMENT AND MOTION FOR VARIANT SENTENCE (DOC. NO. 1362)

THE UNITED STATES OF AMERICA, by Acting United States Attorney Robert C. Troyer, through the undersigned Assistant U.S. Attorneys, hereby respond to the Ricky Garrison's Sentencing Statement and Motion for Variant Sentence (Doc. No. 1362). The defendant's motion should be DENIED and the defendant should be sentenced to 240 months.

The Court has heard the evidence presented at trial as well as conducted all of the relevant plea hearings and sentencing hearings.   As such, the Government will not re-iterate a synopsis of the case nor history of the case.   This Court is very familiar with this case as well as being familiar with the defendant, Ricky Garrison.

1

## GUIDELINE CALCULATIONS

The Government maintains, as presented in the United States' Objections to Presentence Report (Doc. No. 1350) that the following calculations apply to the defendant:

USSG § 2D1.1 calls for a base offense level of 30

USSG § 2D1.1(b)(1) 2 level increase for an offense level 32

USSG § 2D1.1(b)(12) 2 level increase for an offense level 34

The defendant is a criminal history V

Recommended Guideline sentence is 235 – 293 months

The Government believes the Court should base its sentence using the above noted calculations as the recommended guideline sentence.

## 18 U.S.C. § 3553(a) Factors

The defendant focuses his motion for variant sentence mainly on two aspects of Title 18 U.S.C. § 3553(a), those being Mr. Garrison's ability for rehabilitation as well as the need for the court to avoid unwarranted sentencing disparities among similarly situated defendants with similar criminal records.   Both of these arguments are misguided and the Court should deny the defendant's request for a variant sentence.

Rehabilitation

The defendant in his motion as well as with letters supplied to the court attempts to argue that he is willing to lead a law-abiding life.  Although the defendant has had numerous people in his life that have been and are still willing to assist him in rehabilitation

2

or employment, the defendant's history shows that he simply chooses not to lead a law-abiding life.   It is presumable that the numerous people that are willing to assist him have been in his life since his first arrest in 2001 as a juvenile where he was carrying a concealed weapon and throughout the followings years as he was arrested and/or charged for criminal offenses on at least 19 different occasions in a 12-year period. Being charged with nearly 2 criminal offenses a year, whether it be traffic offenses or felonies, shows a clear disregard for the law and the safety to the community.

The defendant also argues that he wishes to find employment.   However, again, the defendant's history shows his unwillingness to seek legitimate employment. According to the presentence report, he has not had legitimate employment since 2006. Again, although he has had numerous people in his life willing to assist him, he has chosen a life of crime as opposed to a wiliness to accept the help that others offer him.

U.S.S.C. § 3553(a)(6)

The defendant in his motion for variance attempts to put himself in the same sentencing position as other defendants in this case.   However, what is glaringly missing from the defendant's argument is the fact that others in this case have cooperated with law enforcement where the defendant has chosen not to cooperate.   The cooperators in this case did so even knowing the defendant is the prime suspect in the murder of an informant that was previously scheduled to testify against this defendant.   By cooperating, the codefendants in this case have risked physical harm and possible death

as a result of their cooperation.   For the defendant to argue that he is similarly situated as his cooperating codefendants is offensive.

The government has communicated with defense counsel for the defendant in order to attempt to get the defendant to cooperate.   The government is aware that the defendant could provide direct and beneficial information regarding numerous crimes, including murder, for an on-going prosecution of members of the Gangster Disciples in Atlanta, Georgia and the Northern District of Georgia.   Attachment A is a copy of the indictment from Georgia.   As the indictment shows, as well as numerous news articles, the Gangster Disciples were responsible for many crimes of violence and murders.   The defendant, through counsel, has informed the government that he will not cooperate against Shauntay Craig and other Gangster Disciples. As such, the defendant should not be found to be similarly situated as co-defendants in this case that have risked their lives by either cooperating or testifying against the defendant.

In comparing the defendant to co-defendants in this case, the following plea information and sentence considerations are important:

 James Tillmon plead guilty to the conspiracy charge and the Government requested an advisory guideline sentence.   The defendant was ultimately granted a small variant sentence as a result of his clear and meaningful rehabilitation and willingness to be a productive member of society.

Chris Martinez plead guilty to the conspiracy charge and was sentenced to 5 years. This sentence was recommended by the government and imposed by the Court with the knowledge that the defendant was then going to be sentenced in Arapahoe County on a murder case.

Francisco Aguilar received a "charge bargain" plea agreement as a result of his cooperation with the Government.   Mr. Aguilar lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Simeon Ramirez received a "charge bargain" plea agreement as a result of his cooperation with the Government.   Mr. Ramirez lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Christopher Vigil received a "charge bargain" plea agreement as a result of his cooperation with the Government.   Mr. Vigil lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Dondrai Fisher entered into a 5K1.1 plea agreement with the government in exchange for his cooperation.    Mr. Fisher lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Archie Poole entered into a 5K1.1 plea agreement with the government in exchange for his cooperation.    Mr. Poole lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Luis Ramirez entered into a 5K1.1 plea agreement with the government in exchange for his cooperation.    Mr. Ramirez lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Melvin Turner entered into a 5K1.1 plea agreement with the government in exchange for his cooperation.    Mr. Turner lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Shawn Beardsley received a "charge bargain" plea agreement as a result of his cooperation with the Government.   Mr. Beardsley lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Sidney Taylor entered into a 5K1.1 plea agreement with the government in exchange for his cooperation.    Mr. Taylor lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Gregory Williams entered into a 5K1.1 plea agreement with the government in exchange for his cooperation.    Mr. Williams lives in fear knowing that this defendant has

participated in the murder of another individual that cooperated against the defendant in the past.

Robert Painter received a "charge bargain" plea agreement as a result of his cooperation with the Government.   Mr. Painter lives in fear knowing that this defendant has participated in the murder of another individual that cooperated against the defendant in the past.

Latoya Wimbush was a very low-level co-conspirator in this case.   Ms. Wimbush plead guilty and was held accountable for the small amount of drugs she was responsible for during the conspiracy.   In addition, Ms. Wimbush showed her willingness for rehabilitation through her actions on pre-trial release prior to her sentencing.   Ms. Wimbush received an appropriate sentence given her limited involvement in the conspiracy.

As the Court is aware from the numerous pleas and sentencing already conducted in this case, the defendant is not similarly situated as his codefendants.   Codefendants in this case who have cooperated have done so knowing they risk their own personal safety.   Although this is true for nearly all cooperators in drug conspiracies, these defendants did so with a much greater knowledge that the defendant has previously avoided a trial through the murder of a cooperating witness.   This cannot be overly stressed.

The defendant's motion for a variant sentence should be DENIED and the defendant should be sentenced to 240 months followed by the maximum amount of

supervision possible.   Such a sentence is warranted and necessary for the safety of the community as well as those factors set out in Title 18 U.S.C. § 3553(a).

Respectfully submitted this 23rd day of June, 2017.

Respectfully Submitted,

ROBERT C. TROYER
ACTING UNITED STATES ATTORNEY
DISTRICT OF COLORADO

By:     *s/Zachary Phillips*
        ZACHARY PHILLIPS
        Assistant U.S. Attorney
        E-mail: zachary.phillips@usdoj.gov

By:     *s/Celeste Rangel*
        CELESTE RANGEL
        Assistant U.S. Attorney
        E-mail:   celeste.rangel@usdoj.gov

        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone:   (303) 454-0215
        Fax: (303) 454–0401
        Attorneys for Government

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 23rd day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

By:   *s/Diana Brown*
Legal Assistant
United States Attorney's Office

9