FILED
UNITED STATES DISTRICT COURT
DENVER. COLORADO

JAN 27 2020

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RICKY GARRISON,                    )
          Petitioner,              )

v.                                 )        Criminal Case No. 14-cr-231
                                            - WJM-1
UNITED STATES OF AMERICA,          )        Civil Action No. 19-cv-3125-
          Respondent               )        WJM
                                   ))

---

### Petitioner's Response To The Governments Opposition
### Of His §2255, And Requesting An Evidentiary Hearing

Petitioner, Ricky Garrison, contends that the government response to his §2255 motion does not preclude him from relief, therefore asks the Court to grant him his relief or an evidentiary hearing.

### STANDARD OF REVIEW

Section 2255(b), intructs district courts " unless the §2255 motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall...grant a prompt hearing thereon, determine the issues, and make findings of facts and conclusion of law with respect thereto." See § 28 U.S.C. § 2255(b); United States v. Herring, 2019 U.S. App. Lexis 25759 * 5 (Aug. 27, 2019 .10 th Cir.)

### Discussion

Issue I.      COUNSEL IS INEFFECTIVE FOR FAILING TO FILE THE FRANKS
              MOTION TIMELY.

Petitioner alleged that counsel submitted a meritorious **Franks** motion untimely, rendering his assistance ineffective.

The government opposed the issue arguin, that counsel mistaken belief abot the requirements was reasonable, therefore his performance was not defecient. See Government Response 1492 at 7-8. (Govt. Resp. hereinafter).

Petitionr contens that the Government response does not preclude him from relief for at least two reasons. (1) The government agrees that counsel did not timely file the motion because of mistaken belief. Id. at 7-8. (2) The government

failed to address that in the submitted **Franks** Motion by counsel, CHS-5 is also
included in that motion in which it shows that he had extensive successful cooper-
ation in obtaining evidence and information into the alleged conspiracy and that
information was omitted from the affidavit.

### A.        THE FRANKS MOTION IS MERITORIOUS

Petitioner alleged that counsel submitted a meritorious **Franks Motion** untimely.
The Government observing that motion, addressed only that CHS-1 would not have
supported the requirement of obtaining a **Franks Hearing**. Govt. Resp. at 7. There
is also CHS-5 however, that was shown to have been omitted from the application.
See **Franks Motion** § 24-25. There it shows that CHS-5, within a two week time
span, had access to the upper echelon's if the conspiracy. He was fitted with
recording devices during their meetings, as well as doing controlled buys. He
was identifying  other drug couriers. He was allowing his phone to be reviewed
by investigators. In fact all this was still going on, one day prior to the TT1
application. And all this information was omitted. Id.
In Ippolito, a confidential informant was stated in a wiretap affidavit that he
was unwilling to testify against the targets of an investigation because he feared
retaliation. United States v. Ippolito, 774 F.2d 1482, 1483 (9th Cir 1985). It
was later revealed in a hearing, that law enforcement agent instructed the CI
informant to so state so that the government could demonstrate the necessity of
the wiretap. Id 1484. In truth the informant was willing not only to testify but
also to have his converation monitored and to infiltrate the conspiracy. Id. There
the  Court found that "a reasonable judge could have denied the application because
necessity for the wiretap order had not been shown. Id  at 1487.

In this instant case, law enforcement agents did not instruct the informant
to state that he was unwilling to assist in the prosecution, instead the govern-
ment just deliberately omitted the information about CHS-5 from its affidavit.
Given his extensive assistance, the government can not dispute that it did not
know about CHS-5. Giving credence they intentionally omitted the information from
its affidavit. And they did so to create necessity. When it is shown that CHS-
1 led law enforcement to a member CHS-5 who is in the upper echelon of the conspira-
cy,with his level of willing cooperation,  the affidavit was "artfully drafted
with intent to mislead the reviewing judge." United States v. Simpson, 813, F.2d
(9th Cir 1987.)

Its therefore contended that counsel made the requisite to obtain a Franks

hearing is sufficient in the record.

To determine whether it vitiates necessity if it had been included requires an evidentiary hearing. United States v. Green, 175 F.3d 822, 828 (10th Cir 1999).

B.   THE GOVERNMENT AGREE THAT THE RECORD SHOW THAT
     COUNSEL HAD A MISTAKEN BELIEF ON THE REQUIRE-
     MENT TO FILE A FRANKS MOTION

The government acknowledges that the record show that counsel's belief on the requirement to File a Franks Motion was mistaken. Govt. Resp. at 7-8. Petitioner contends the law is clear on this point, counsel failure to file the motion was due to a mistake about the law ond or procedures, not based on any strategy, rendering his performance defecient . Kimmelman v. Morrison, 477 U.S. 365, 385 (1987).

Because the record does not conclusively show that the Petitioner is not entitled to no relief, 28 U.S.C. §2255(b), Petitioner ask that an evidentiary hearing be held on this issue.

Issue II.   COUNSEL WAS INEFFECTIVE DURING PLEA NEGOTIATION
            STAGES.

Petitioner contended that Counsel's lack of advice and abandonment during plea negotiations, impeded him of accepting the 70 month plea deal.

The government opposed the claim arguing that the record contradicts Petitioner assertion that he would have accepted the 70 months, and further  he could not show any prejudice because he did not accept the 70 months plea deal when it was reoffered to his new appointed counsel. Govt. Resp. 8-9.

Petitioner contends that the government response do not preclude him from relief for the following reasons. (1) Petitioner court statements does not contradict his assertion. (2) The government has not shown that New appointed counsel represented the Petitioner, the same as previous counsel. thus relying on identicle advice or lack thereof. and (3) The government do not claim that the Petitioner actually received the resubmitted plea deal.

A.   Petitioner's Court Statement Does Not  Contradict
     His Assertions

The government claims that the problem with Petitioner's assertions is that his contradicted by the record. The government specifically contends that Petitioner

3

stated :

> " I have just received confirmation of the withdrawal of my attorney
> behalf. Motion states conflict of interest but, factually it's be-
> cause I didn't accept the plea agreement assigned counsel tried to
> coerce me into taking."

Petitioner contends that the above is consistant with his assertion of counsel's
lack of advice or incompetent advice. See § 2255 at 6:

> "Petitioner told counsel he wanted some time to consider the offer,
> but to weigh his options, Petitioner wanted to know the status
> of his motion to suppress the wiretaps... Counsel appeared to be-
> come irritated, and told Petitioner he needs to give him an
> answer "now" because he has a trip to Africa coming up...Petitioner
> told counsel he was not, not going weigh his options based on him
> wanting to see Africa."

The government does not dispute the above facts as being unreasonable under
Strickland v. Washington, 466 U.S. 668 (1984).


B.            THE ALLEGED RENEWAL OF THE 70 MONTH OFFER DOES
              NOT CURE THE PREJUDICE SUFFERED FROM COUNSEL'S
              DEFECIENT PERFORMANCE.

The government asserts that even taking the allegations as true, Petitioner
cannot show prejudice because the government sent Petitioner's second counsel a let-
ter renewing the 70 months.

Petitioner contends that, the government allegedly presented the 70 month
offer to second counsel, is immaterial. The government must concede that but for
counsel's defecient performance, there would not have been a second appointed counsel,
only that the petitioner would have been sentenced to 70 months. Further, the prejudice
still exist even after the second appointed counsel, because as the record reflect
during sentencing hearing, "the government now wanted substantial assistance," S.
Hr. at 24, 60, 61, a requirement that was never discussed or even mentioned by initial
appointed counsel during plea negotiation stages. The record reflects that the Petitioner
refused to cooperate. S.Hr.at 24, 60,61. The next offer that came, that didn't start
off with a need for cooperation, that permitted the conversation to get to any numbers,
came when the government recognized that, second appointed counsel, unreasonably
did not know how to properly file a Franks Motion, in which the government surmised
it had no opportunity to be heard, offered Petitioner, 84-105 months. See Att. Exh.
A Subjecting Petitioner to 14 and as much as 35 more months, than the initial offer.
Under Strickland, the courts recognize "even the best criminal defense attorney would

not defend a particular client in the same way." <u>United States v. Page</u>, 480 Fed. Appx. 902, 907 (10th Cir 2012) (Citing Strickland v. Washington, 466 U.S. 668, 688-89 (1984). The government did not submit any evidence of counsel representation to the Petitioner, and do not claim that the circumstances were the same as initial counsel was under, therefore cannot show Petitioner did not suffer any prejudice.

Because the government does not raise any material dispute to this claim, the Court should grant Petitioner the relief he asked for or grant him an evidentiary hearing thereto.

ISSUE III.    **APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE SENTENCE ON APPEAL.**

Petitioner argued that his appellate counsel was ineffective for failing to raise on appeal (1) that the Court was bound by the jury verdict as to the drug quantities; (2) the drug amount finding's were not credible, and (3) the Court miscalculated the base offense level.

The government opposed these claims arguing that counsel could not have prevailed on these claims because (1) Circuit precedent foreclosed the argument that the Court is bound at sentencing by the jury verdict regarding drug quantites; (2) That there was no clear error to the Courts factual findings as to the drug quantities; and (3) The Court did not plainly miscalculate the offense level.

**A.    THE MISCALCULATION OF THE OFFENSE LEVEL IS PLAINLY ON THE RECORD.**

In order for appellate counsel to have prevailed on challenging the miscalculated sentence, was to show that the Court started off at the wrong offense level. <u>Molina-Martinez v. United States</u>, 136 S.Ct. 1338, 1345 (2016). The record undisputably states, that the court was observing the government's submitted chart in deciding the offense level. Doc. 1428 at 30:15-23; 31:5-31. And the government do not dispute that the 373.957 correlates with the chart it submitted. Therefore its clear that the Court believed that 373.957 Kilograms represented a level 30, when it actually represented by 24. Further, it should be noted that the government identified other miscalculation's in its submitted chart. <u>See</u> Govt. Resp at 4 N.1.

Because the government contentions do not conclusively show Petitioner is entitled to no relief the Court should grant an evidentiary hering.

**B.    WHEN CONTESTED, THE DRUG FINDINGS LACK ANY RELIABILITY.**

The government argues that the drug findings by the Court has a minimum indicia of reliability, therefore, counsel could not have prevailed on appeal.

5

The Tenth Circuit has identified numerous of ways that show that the Court's findings is not reliable. In United States v. Ortiz, 993 F.2d 204, 208 (10th Cir 1993), There in that case the Court reversed sentence where, defendants admissions and intercepted telephone conversation provided no corroboration that the defendant distributed 3 pounds of marijuana a week over an 18 month periode. The government in this case did not dispute that it's wiretap's could not corroborate the interpreting informants frequencies of buying or selling drugs.

In United States v. Richards, 27 F.3d 465, 469 (10th Cir 1995), there in that case, it reversed sentence where the testimony was vague and the drug amounts varied from week to week. The Government in this case did not dispute the facts showing the vague and varying testimonies that showed inconsistent amounts and types of drugs.

The government did not dispute that the record showed that the Court stated it could see getting down to a lower offense level, had counsel sparsed it out some. IN  United States v. Magallanez,  408 F.3d 672, 685-86 (10th Cir 2005) that Court found one of the factors it consider in determining whether the defendant can show error, is whether the district court would simply reimpose the same sentence on remand, or whether instead the sentence 'would likely change significantly.' The record shows the latter in this case, therefore, Petitioner contends, his position that the Court's findings was in the realm of speculation, clearly could have been supported by United states v. Dahda 852 F.3d 1282, 1294 (10th Cir 2017).

Whether the errors gets Petitioner below the 1000 kilogram threshold, is a material fact, that requires an evidentiary hearing.

**C.**       **THE COURT WAS BOUND BY THE JURY VERDICT**

The government argues that any arguments that the court was bound by the jury verdict was foreclosed by United States v. Magallanez, 408 F.3d 672, 685-86 (10th Cir 2005), therefore counsle could not have been ineffective for not raising it.

Petitioner contends to the contrary, the Supreme Court in   Beckles v. United States, 580 US __, (2017), clearly stated that the guidelines are not immune from constitutional scrutiny, or render "sentence procedures" entirely immune from the scrutiny under the due process clause." Therefore, counsel clearly had the obligation to follow through with the defense strategy.  Moreover, **Magallanez** did not foreclose the argument that the petitioner made. The government did not dispute that it agreed that the jury can find drugs in less than amounts, this constituting and or differentiating from a range finding. See United States v. Pimentel-Lopez, 859 F.3d 1134, 1142( 9th Cir 2016)

"some of our sister circuits seems to have assumed that the jury findings merely acquitted defendant of possessing higher quantities of drugs and that may have been warranted on the record before them. See e.g. Magallanez 608 F.3d at 682 (" when we review a verdict where the jury did not find a specific amount of drugs attributable to the defendant, but a range, we only know that the jury found unamiously the amount at the bottom of the range')

Here by contrast, the record is clear that the jury didnt merely acquit defendant of possessing 50 grams or more of methamphetimine, it made affirmative findings "beyond a reasonable doubt' that the amount attributable to the defendant was 'less than 50 grams.' (**emphasis added**).

Here, consistent with **Megallanez**, is a verdict where the jury did find a specific amount of drugs, **Megallanez**, 408 F.3d at 682. Less than 28 grams of cocaine base and less than 500 grams of cocaine. **Pimentel-Lopez**, 828 F.3d at 1176.

Further, the government do not dispute, that one can logically and realistically determine from the specific findings that the jury necessarily rejected facts leading to an higher drug amount. United States v. Watts, 519 U.S. 148, 155, 156 (1997). And the Petitioner reiterates, that the dispositive question, is whether the jury was tasked with deciding the amount of drugs. United States v. Saunders, 826 F.3d 363, 373, 375 (7th Cir 2016); **Megallanez**, supra, at 682. That question must be answered before it can be determined, whether the court was permitted to make a higher findings. Id. Saunders, 826 F.3d at 373. The government appears to concede to this point. See Govt. Resp. 1482 ¶ 12, but disagrees in conflict with the record, of the view of the verdict form. Id.

Because the government's assertions does not preclude Petitioner from relief, the Court should grant Petitioner an evidentiary hearing in its entirety so that his sentence can be correctly calculated.

ISSUE IV                    INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To the extent the district court was permitted to find beyond the jury finding's as detailed in Issue III of the original motion that is referenced and incorporated herein, trial counsel was ineffective for engaging in a fraudulent defense, that deceived the public and the jury that Petitioner was being fairly dealt with, by allowing the Petitioner, public, and the jury to believe, I was able to put on a defense that the government drug quantities was not reliable, thus denying Petitioner to a public and jury trial. And or at least counsel should have known that he had to assert some drug chart once he knew that the court was not going to go with the jury-findings. Thus, counsel performance was defecient.

Petitioner was prejudice by counsel's action because it denied him the right to a public trial, and the right to a jury trial. And because the evidence show that at the minimum the petitioner could have received a lower offense level, had counsel at least showed a drug chart. See  ISSUE III thats referenced and incorporated herein, and obtained  de novo review if the court rejected the calculation..

Respectfully Submitted
Ricky Garrison, Pro se

## CERTIFICATE OF SERVICE

I Ricky Garrison declare that this response to the governments opposition to Petitioner § 2255 motion was placed in prison officials hands to be mailed with first class postage pre-paid on this 16th day of January, 2020.

/s/ Ricky Garrison    1-16-20
Ricky Garrison          Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RICKY GARRISON                        )
       Petitioner,

v.                                    )                Criminal Case No. 14-cr-
                                                              231-WJM-1

                                      )                Civil No. 19-cv-3125-WJM
.UNITED STATES OF AMERICA,
       Respondent.
                                      )

**EXHIBIT IN SUPPORT**

**Ricky Garrison**
**# 40459-013**
**P.O. BOX 5000**
**Pekin Il 61555**

INDEX

| Description | EXH |
|---|---|
| Emails detailing the 84- 105 months plea deal . . . . . . . . . . | A |
| Affidavit  . . . . . . . . . . . . . . . . . . . . . . . . . | B |

i