# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  **RICKY GARRISON,**

 Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A), "COMPASSIONATE RELEASE"

---

Before the Court is Defendant Ricky Garrison's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Motion") (ECF No. 1515.) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

In March 2017, a jury convicted Garrison of twenty drug-related felonies. (ECF No. 1347 at 5.) Garrison was later sentenced by the Court to 156 months' imprisonment, of which he has served approximately 84 months. (ECF No. 1418 at 2.) He is housed at FCI Pekin, a facility of the federal Bureau of Prisons ("BOP"). (ECF 1515 at 3.)

Garrison filed his Motion on July 10, 2020, seeking a sentence reduction of time served. (*Id.* at 7.) He asserts that he is at high risk of contracting COVID-19 infection due to his health conditions. Specifically, he states he has low testosterone and has been prescribed an anabolic steroid, which places him in a higher than normal risk

group; he is seeking medical intervention from BOP staff for high blood pressure and obesity which has resulted in him being pre-diabetic; and he has hypertension. (ECF No. 1529 at 6.) The Government filed a response in opposition to the Motion on July 30, 2020. (ECF No. 1525.) The Government does not dispute that Garrison has exhausted his administrative remedies, required under 18 U.S.C. § 3582(c)(1)(A). Garrison filed a reply on July 31, 2020. (ECF No. 1529.)

## II. ANALYSIS

Garrison invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

In short, to release Garrison from confinement immediately under this authority, the Court would need to re-sentence him to time served.

## A.     Extraordinary and Compelling Circumstances

The Court first considers whether extraordinary and compelling circumstances justify Garrison's release.  *See* 18 U.S.C. § 3582(c).  In making this determination, the Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, — F. App'x — , 2021 WL 1400705 (10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by United States Sentencing Commission policy statements.  *Id.* at *4–5; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'").

Garrison argues that extraordinary and compelling circumstances justify his immediate release because he is at increased risk of developing severe COVID-19 due to his medical conditions, described above.  (ECF No. 1515 at 2–3; ECF No. 1529 at 6.)  He also states that the living conditions at FCI Pekin justify his Motion, for the facility does not allow for social distancing, inmates continue to work despite being on lockdown, no hand sanitizer is provided, there is little PPE, among other things.  (ECF No. 1529 at 6–7.)

Although Garrison's medical conditions may be risk factors for severe COVID-19, the BOP website reflects that zero cases of inmates with the virus currently exist at FCI Pekin.  *See BOP: COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 18, 2021).  The weight of authority

thus far underscores the conclusion that extraordinary and compelling circumstances generally do not exist where there are no confirmed cases of the virus at the prisoner's facility. *See, e.g.*, *United States v. Harden*, 2020 WL 4499993, at *2 (D. Colo. Aug. 5, 2020) (denying compassionate release despite medical conditions of asthma and bronchitis where no confirmed cases exist at facility); *United States v. Yurek*, 2020 WL 3415371, at *1–2 (D. Colo. June 22, 2020) (same); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). In addition, the Court notes that there have been numerous advancements associated with the COVID-19 pandemic since the briefing on the Motion occurred in mid-2020, including the development of highly effective vaccines for COVID-19, which are available to the public, including BOP inmates. *See BOP: COVID-19 Update*, Federal Bureau of Prisons, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp (last visited June 21, 2021).

Exercising its discretion and acknowledging the considerably low risk of infection at Garrison's facility, the Court is not convinced that extraordinary and compelling circumstances exist. Assuming, however, that Garrison's health conditions constitute extraordinary and compelling circumstances, the Court proceeds to the question of whether the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Garrison's release.

**B.    § 3553(a) Factors**

Garrison argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) favor his release because he has demonstrated exemplary post sentencing conduct,

including attending the RDAP classes that he qualified for and are recommended in his judgment, completing his GED, completing over 15 classes, and working in the prison library since his incarceration. (ECF No. 1529 at 8.) He also points to the fact that he has received no "disciplinary incidents" at his current facility, has held a job in the library, and has complied with all monthly restitution payments. (ECF No. 1515 at 4–5.) Garrison incorporates by reference the mitigation information submitted on his behalf in connection with sentencing.[1] (ECF No. 1529 at 8.)

While Garrison's educational accomplishments during his incarceration are encouraging, he committed serious offenses which resulted in a jury convicting him of twenty drug-related felonies, including conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, and use of a communication device, a telephone, in furtherance of a drug trafficking felony. (ECF No. 1367 at 5.) Further, the Court imposed a sentence of 156 months, which was at the lower end of the sentencing guidelines range of 151 months to 188 months. (*Id.* at 29.) Garrison has now served slightly over half of his sentence.

In the Court's view, allowing Garrison to serve little more than half of his original sentence would not reflect the gravity of drug-related crimes that he committed. The Court therefore finds that a sentence of time served would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate

---

[1] Garrison incorporates this information by reference but unhelpfully does not cite the place on the docket where such information is located. The docket contains 1,573 entries as of the date of this Order, and the Court declines to search it for the material incorporated but not cited. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

5

deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [Garrison's crimes]," § 3553(a)(4).

### III. CONCLUSION

For the reasons set forth above, Garrison's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1515) is DENIED.

Dated this 25th day of June, 2021.

BY THE COURT:

William J. Martinez
United States District Judge