**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 14-cr-231-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   **RICKY GARRISON,**

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, ALTER, OR AMEND
JUDGEMENT [*sic*] PURSUANT TO FED. R. CIV. P 59(e) and DENYING
DEFENDANT'S MOTION TO SUPPLEMENT RULE 59(e) FILING BY PETITIONER**

---

On April 7, 2020, the Court denied Garrison's motion under 28 U.S.C. § 2255 and his motion to amend that motion. (ECF No. 1486.) The reasons supporting the Court's denial are explained in detail in that Order and will not be reiterated here. Now, this matter is before the Court on Defendant Ricky Garrison's Motion to Vacate, Alter, or Amend Judgement [*sic*] Pursuant to Fed. R. Civ. P. 59(e) ("Motion to Vacate") (ECF No. 1496), filed on May 1, 2020, and his Motion to Supplement Rule 59(e) Filing By Petitioner ("Motion to Supplement") (ECF No. 1549), filed on November 30, 2020.[1] For the reasons stated below, the Court will deny the Motion to Vacate and the Motion to Supplement.

The three major grounds that justify reconsideration are: (1) an intervening

---

[1] The Court must construe the Motion to Vacate and the Motion to Supplement liberally because Garrison is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Tenth Circuit teaches that "a motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted). However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Upon consideration of the Motion to Vacate, the Motion to Supplement, and the entire file, the Court concludes that Garrison fails to demonstrate any reason why the Court should alter or amend the April 7, 2020 Order denying his motion to vacate under § 2255. Nothing Garrison asserts gives cause for reinstating this case. Rather, as the Government points out in its response in opposition to the Motion to Vacate, Garrison merely seeks to relitigate claims that have already been decided against him. (ECF 1562 at 1, 3–4.)

In the Motion to Vacate, Garrison argues that his counsel was ineffective for failing to file a timely *Franks* motion and that the Court should hold an evidentiary hearing on the issue. (ECF No. 1496 at 3, 5.) However, the Court has already held that the proposed *Franks* motion would have been without merit. (ECF No. 1486 at 5.) Specifically, the Court found that "even had the true nature of the confidential informant's identify been disclosed to Judge Ebel, that he would nonetheless still have concluded that authorizing the wiretap was necessary for a successful resolution of the ongoing investigation." (*Id.* at 7.) Given the grounds for the Court's ruling, Garrison

2

could not have been prejudiced by his counsel's failure to file a timely *Franks* motion. *See Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) (movant must show motion had merit).

Next, Garrison takes issue with the Court's ruling that he was not prejudiced by his first counsel's alleged failure to accept a plea offer when the Government later extended the same offer to Garrison's new counsel. (ECF No. 1496 at 6.) He essentially argues that but for his first counsel's deficient performance, there would not have been a second offer because he would have accepted the first offer. However, the Court found that Garrison suffered no prejudice, as he was offered the same plea proposal he had been offered through his previous lawyer. (ECF No. 1486 at 9.) Thus, "[b]y definition, then, [Garrison] suffered no prejudice." (*Id.*)

In addition, Garrison repeats two other arguments he has previously made: (1) the Government made an 84–105 month offer five months after renewing its 70-month offer; and (2) that his second counsel did not convey the 70-month offer to him.[2] (ECF No. 1496 at 6–7.) As the Government emphasizes, both arguments impermissibly seek to revisit issues already addressed, and thus are not grounds for reconsideration. (ECF No. 1562 at 6.) Moreover, they are without merit.

First, the 70-month offer was made to Garrison's second counsel in April 2016, and the 84–105 month offer was made in September 2016, after the Court denied Garrison's motion to suppress. (*Id.* (citing ECF Nos. 1482-1 and 1485-1.) The later

---

[2] The Government points out that Garrison did not actually make this claim in the § 2255 motion or reply, but instead made it in an affidavit attached to the reply. (ECF No. 1562 at 6 n.1 (citing ECF No. 1485-2).) Thus, to the extent Garrison attempts to raise the issue now, it is still an improper attempt to raise a new argument that could have been raised in prior briefing. *See Servants of Paraclete*, 204 F.3d at 1012.

offer does not demonstrate prejudice because Garrison already had two chances to accept the 70-month offer.

Next, the Government points out that Garrison's argument now—that his second counsel did not convey the 70-month offer to him—is different than the claim he asserted in his § 2255 motion. He originally argued that his first counsel was ineffective, but now he argues that his second counsel did not convey the renewed offer to him. However, Rule 59(e) does not permit new arguments. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("courts will not address new arguments or evidence that the moving party could have raised before the decision issued").

Third, Garrison again argues that the Court was bound at sentencing by the jury verdict regarding drug quantity, the evidence was insufficient to support the drug quantity, and that appellate counsel was ineffective for failing to appeal these issues. (ECF No. 1496 at 7–10.) He also asserts a claim that was not part of his § 2255 motion and which the Court denied him leave to amend: that his trial counsel was ineffective for failing to submit a competing drug quantity chart. However, the Court has already considered and rejected Garrison's arguments and will not repeat its analysis here. (ECF No. 1486 at 10–11.)

Finally, Garrison asserts that the Court should have granted a certificate of appealability on all issues and refers to the aforementioned arguments disagreeing with the Court's rulings regarding the *Franks* motion, plea negotiation, and consideration of drug quantity. (ECF No. 1496 at 10.) A § 2255 movant is not entitled to a certificate of appealability unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that burden, Garrison "must

4

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court considered this question *sua sponte* in denying his § 2255 motion and found that Garrison failed to make "a substantial showing that jurists of reason would find it debatable whether his § 2255 motion states a valid claim of the denial of a constitutional right." (ECF No. 1486 at 14–15.) Like Garrison's previous arguments, the Court finds his assertion that the Court should have granted a certificate of appealability unavailing. Therefore, the Court will deny the Motion to Vacate.

In the Motion to Supplement, Garrison requests that he supplement his Motion to Vacate based on the "wiretap issue #1 in 59(e) filing." (ECF No. 1549 at 1.) As the Government points out, "[t]his is the same argument Garrison made in his § 2255 motion, his motion to amend that motion, and his motion for reconsideration." (ECF No. 1551 at 1 (citing ECF No. 1478 at 3–4 and Ex. A; ECF No. 1484 at 2; ECF No. 1496 at 4–5).) As the Court previously held, the proposed *Franks* motion was without merit, and Garrison could not have been prejudiced by his counsel's failure to file it. (ECF No. 1486 at 5–7.) Accordingly, the Court will deny the Motion to Supplement.

For the reasons explained above, Garrison's Motion to Vacate, Alter, or Amend Judgement [*sic*] Pursuant to Fed. R. Civ. P. 59(e) (ECF No. 1496) and Motion to Supplement Rule 59(e) Filing by Petitioner (ECF No. 1549) are DENIED.

5

Dated this 28th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge